JACKSON, *ex dem.* FERRIS, *against* FULLER.

THIS was an action of ejectment, upon a *mortgage*, executed on the 1st *May*, 1807, by *Andrew Wilson*, junior, to the lessor of the plaintiff. It was admitted, that the mortgage debt was due and unpaid, and that the defendant was in possession, without the privity or consent of the plaintiff. *Wilson*, the mortgagor, in *February* or *March*, 1808, conveyed the premises, in fee, to one *Daniel Wilson*, subject to the mortgage. In *April* last, the interest of the mortgagor was sold on execution, at public auction, to *Daniel Wilson*, who was the highest bidder, and on the 1st of *May* last, he leased the premises for one year to the defendant. The case was submitted to the court without argument.

The question was, whether the defendant was entitled to notice to quit.

*In an action of ejectment brought by a mortgagee against a purchaser of the interest of the mortgagor, or against a third person, between whom and the mortgagee there is no privity of contract or estate, a previous notice to quit is not necessary.*

*Per Curiam.* The case of *Jackson, ex dem. Benton,* v. *Laughhead,* (2 *Johns. Rep.* 75.) in which the court decided, that a mortgagor was entitled to notice to quit, arose between the original mortgagor and mortgagee. There was a privity of contract, as well as of estate, existing in that case ; and the reason of the rule requiring notice, is much weakened, when it is to be applied to the case of a purchaser in fee under the mortgagor. All privity between the parties is now gone. The purchaser is a stranger to the contract by which the mortgage was created. He cannot be considered in the light of a tenant. He knows nothing of the original debt, and is under no personal obligation to pay it. He holds possession of the pledge, but not, as in the other case, " by a perfect understanding between him and the mortgagee." He claims exclusively by a title from the mortgagor ; and his case is very analogous to that of *Jackson, ex dem. Simmons,* v. *Chase,* (2 *Johns. Rep.* 84.) decided in the same term with the former, in which it was held, that notice was not necessary, because the privity of

NEW-YORK,
May, 1809.

Jackson
v.
Dubois.

landlord and tenant could not be said to exist between the mortgagee and a purchaser from the mortgagor.  If notice be required in this case, it must be so in every case of eject-ment upon a mortgage, even though the land has been con-veyed in fee, from hand to hand, until all knowledge of any existing incumbrance is totally lost.  This might, indeed, be a convenient rule for a purchaser of land charged with a dormant mortgage, but we must then adopt some other principle than that which governed in the case of *Jackson* v. *Laughhead*, of a privity of contract between the par-ties.  There must be judgment for the plaintiff.

Judgment for the plaintiff.·