IN THE

# SUPREME COURT OF JUDICATURE

OF THE

# STATE OF NEW-YORK.

IN OCTOBER TERM, 1812, IN THE THIRTY-SEVENTH YEAR OF OUR INDEPENDENCE.

———————

JACKSON, *ex dem.* LIVINGSTON AND WILSEY, *against* WILSEY AND ANOTHER.

THIS was an action of ejectment, brought to recover lands in the town of *Gallatin*, in the county of *Columbia*. The cause was tried at the *Columbia* circuit, in *December*, 1811, before Mr. Justice *Yates*. The defendants claimed the lands only which were formerly in possession of *William Simmon*, and disclaimed as to the residue of the land in their possession. They admitted that the premises in question were within that part of the manor of *Livingston*, which fell to the share of *John Livingston*, one of the lessors of the plaintiff. The plaintiff gave in evidence a lease from *Robert Livingston*, the ancestor of *John Livingston*, dated 23d of *March*, 1784, to *John Tice Wilsey*, one of the defendants, in which the premises demised were described as follows: "The farm whereon *William Simmon* now lives, bounded, as follows, south, by the county line, west, by the farm of *William Denious*, and east and north, by vacant lands of said manor, to contain seventy-five acres in the whole."

It appeared that the whole quantity of land in the possession of the defendants was 150 1-4 acres.

*John Wigram*, a witness for the plaintiff, testified that he laid down the 75 acres, for the defendants, on a map, in a regular parallelogram. He stated that he first made a survey of the same in

A. gave a lease of a farm, described by certain metes and bounds, to contain 75 acres. In an action of ejectment brought by A. against B. to recover a parcel of land beyond the quantity of 75 acres, and which the lessee claimed to hold as within the boundaries set forth in the lease, it was held, that as A. had received rent for the farm from B. he must be considered, at least, as a tenant from year to year of the premises, and therefore entitled to a notice to quit.

1792, and that the defendants were then in possession up to the line of *William Denious,* and extended easterly as far as the possession of *Denious;* and that running along the line of *Dutchess* to the land of *Denious,* thence along his line to the vacant land, would exclude the buildings.

The defendants proved that *Simmon* lived on the premises about 18 years before the defendants came into possession, and that one *Miller* lived on the premises three years before *Simmon.* The witness obtained the possession from *Miller,* and sold it to one of the defendants. The possession of the witness extended to the *Dutchess* line, and along that line to the farm of *Denious,* and along his line to the vacant land at the road. The house and barn now stand near where the old buildings stood. The defendants held the same possession as the witness, except two pieces of land, one of about four acres, on the northeasterly side of the farm, and the other about ten acres, on the easterly side, which the defendants disclaimed.

The defendants then offered to prove by a witness, who was present when the lease from *Livingston* to *Wilsey* was made, that the parties intended that the lease should be for the whole farm as *Simmon* held it, but this evidence was objected to, and overruled by the judge.

It was proved that *Simmon* paid rent to *Livingston,* and that when *Wilsey* took the lease, he assumed to pay the back rent; that *Simmon* and the defendants had been in possession of the farm, as they now claimed it, for about 47 years. Several receipts for rent from *Livingston* to *Wilsey,* two of them dated in 1786, and 1797, were produced in evidence. It appeared that the defendants claimed the possession of *Simmon,* under the lease from *Livingston.*

The defendants contended that by a just construction of the lease, all the lands in the possession of *Simmon* were covered by the lease: and that if there was any doubt on the point, the long acquiescence of the parties was conclusive; but if the number of acres were held to control the boundaries given, and the residue of the land in possession of *Simmon,* beyond the 75 acres, not to be within the lease, yet the possession of the defendants, for 27 years, claiming a life estate, was a sufficient adverse possession to bar the plaintiff's recovery in this action: and that if the possession was held not to be adverse, but under the lessor of the plaintiff, then the defendants were entitled to a notice to quit, which had not been given in this case.

The judge ruled that a notice to quit was not necessary, and charged the jury that the number of acres mentioned in the lease must control, as to its construction ; that the possession of the defendants could not avail them further than as evidence of an acquiescence in their construction of the lease, and in that view he left it to the jury, who found a verdict for the plaintiff for all the land, except the 75 acres.

A motion was made for a new trial.

*Van Buren*, for the defendants, cited *Roberts* v. *Karr*, 1 *Taunt. Rep.* 495.   1 *Esp. Cas.* 460.   3 *Johns. Rep.* 269.   7 *Johns. Rep.* 238.

*E. Williams,* contra.

*Per Curiam.* Without noticing the question as to the construction of this lease, in relation to the boun ...ies of the demised premises, we think a new trial must be ; r ...ted, on the ground that the defendants were entitled to notice to quit.   What was the rent reserved in this lease does not appear by the case.   The receipts set forth, show the rent to have been paid for the farm occupied by the defendants, and, of course, paid for the premises in question. By this payment, and the acceptance of rent, the defendants became tenants from year to year ; and, according to the settled rules of law, were entitled to notice to quit.   It may be remarked that this rule, as to notice to quit, seems highly just and reasonable, as it respects the rights of tenants, without essentially prejudicing the interest of landlords ; and that the *English* courts have latterly been more liberal in the application of it, extending it even to tenants at will.   (13 *East,* 210.)

Motion granted.