Spencer, J.
delivered the opinion of the court. The question presented by this case is, whether the instrumentproducedamounted to an actual lease, or only to an agreement for a lease. There are words of present demise, to wit, “ Hath set and to farm let” The estate granted and the terms of the demise are quite definitive and explicit; but it provides that a lease shall be given at a future day. This last circumstance has generally given a character to •the instrument, of an agreement for a lease, as contradistinguished from a present demise. None of the cases will be found to contradict the position that where there are apt words of present de. mise, and to these are superadded a covenant for a further lease, the instrument is to be considered as a lease, and the covenant as operating in the nature of a covenant for further assurance. In Goodtitle v. Way, (1 Term Rep. 735.) Doe v. Clare, (2 Term Rep. 735.) Doe v. Ashburner, (5 Term Rep. 163.) Doe v. Smith, (6 East, 530.) there were no words aptly and precisely importing present demises, and it was held that in providing for the execution of leases, in futuro, it was the intention of the parties that the instruments should not operate as leases. In Doe v. Ashburner, (5 Term Rep. 163.) the case of Barry v. Nugent, in error from the king’s bench in Ireland, was admitted by Lord Kenyon to be correctly decided. The words were, “ be it remembered that J. Barry hath let, and, by these presents, doth demise.” The instrument contained an agreement that leases, with powers of distress and clauses of re-entry, &c. be drawn and signed at the request of either party. On this case the court of king’s bench was clearly of opinion that the articles operated as a present demise; and that the agreement for a more formal lease was merely in further assurance. In speaking of this case, Lord Kenyon said the words were express and unequivocal, and could have no other meaning than that given to them, namely, that they should operate as a present demise. The case of Baxter v Browne (2 Bl. Rep. 973.) is much in point. The agreement was to grant a lease to Browne of the premises, and they did thereby set and let to him all, &c. provided that the said lease shall be void, on non-payment of rent, &c. and that such lease shall contain the usual covenants, &c« The defendant entered in *342 pursuance of the agreement, and paid rent; and it was held b~' all the judges, that it was clearly a good lease in presenti, with au agreement to execute a more formal and perfect lease in fitturo. They observed that the operative words let and set are in the present tense; they laid stress on the fact that there had been a possession of 14 years, and the acceptance of rent, observing, “ that under such circumstances, if the words of the lease can import an immediate legal demise, the court will support it as auch;” and they add, “ that it will be evident from the cases cited which we have looked into and compared.”
In the present case, the lease contained words of present demise, and the defendant has held under it for about fourteen years. It is impossible to distinguish this case from Baxter v. Browne; and I presume, after so long a possession under the instrument, and an acquiescence by the lessor of the plaintiff, the court will give it the construction contended for by the defendant, if they legally can. It is unnecessary to compare and examine the various cases which have been determined, involving the consideration of a lease, or an agreement for a lease; it is believed that there is no case of a present demise, by apt words, followed by a possession, in which the instrument has not been held to pass an immediate interest.
If an interest passed, no subsequent disclaimer by parol can abrogate it, for a freehold interest cannot be devested by words in pais. (3 Cruise, 367.)
Judgment for the defendant.