Spencer, Ch. J.,
delivered the opinion of the court. In Betts v. Badger, (12 Johns. Reg. 223.) we laid down this rule, that if the party producing an instrument, on notice, is one of the parties to the instrument, the custody of the paper affords high presumptive evidence that he holds it as a muniment, and, prima facie, it is sufficient proof of the execution. The same rule was adopted by the Court of Common Pleas in England, in Pearce v. Hooper, (3 Taunt. 60.) In that case the chief justice observed, “ the mere possession of an instrument does not dispense with the necessity which lies on the party calling for it of producing the attesting witness.” He puts the case of an heir at law being in the possession of a will, and the devisee brings an ejectment, and calls on the heir to produce the will; then the heir claiming against the will, it would be hard that it should be taken to be proved against him because he produced it. Phillips, (346.) says, the result appears to be, that where a party to a suit, in *135 pursuance of a notice, produces an instrument to which he is a party, and under which he claims a beneficial estate, it wall not be necessary that the other party, a stranger to the instrument, should call an attesting witness to prove the execution; but that in other cases, the execution ought to be regularly proved by #the party who offers the instrument as part of his evidence in the cause. This I consider, now, the settled law upon the subject, with this qualification, that it is immaterial whether the party who calls for the production of the deed be a party or a stranger to it. In the present case, the defendant is not a party to the lease, in any sense of the word; nor does he claim, personally, any beneficial interest under it. This case, therefore, does not come within the rule; and the plaintiff was bound to prove the execution of the lease. The judge, in admitting it to be read, was probably influenced by the fact, that the names of the subscribing witnesses were torn off; but there is no proof, or circumstance raising a presumption, that the defendant had mutilated the instrument. This fact, then, did not absolve the plaintiff from the necessity of proving the hand-writing of the lessor ; and, under the circumstances, that would have been the only mode of proof.
The objection, that notice to quit ought to have been given, is untenable. The relation of landlord and tenant never existed between the parties. Benton purchased the interest of the lessor of the plaintiff, as a lessee in the lease from Romayne. He was not to pay him any rent, but was subject to pay the rent to Romayne. The lease was never assigned in such manner, as to vest Renton with the title, and, consequently, the lessor of the plaintiff had the legal estate under the lease. As between them, it was an agreement to sell, and in such case notice to quit is unnecessary. (3 Johns. Rep. 422. 13 Johns. Rep. 106.)
A new trial must be granted, with costs to abide the event, on the first point.
New trial granted, (a)

 See Harden v. Kretsinger, post, 293. Jackson v. Cody, 9 Cowen, 140.