NEW-YORK,
May, 1823.

JACKSON
v.
STACKHOUSE.

---

JACKSON, *ex dem.* ROSEVELT and DOE, *against* STACKHOUSE.

One who holds of a mortgagor, under a parol contract to purchase, is not entitled to a notice to quit.

A release, without consideration, and not under seal, is void.

A covenant to sue, shall be construed a release, so as to prevent circuity of action.

EJECTMENT, tried before his honour Mr. Justice WOODWORTH, at the *Warren* Circuit, *June* 11*th*, 1821. Verdict for the plaintiff, subject to the opinion of the Court on the following case :

A mortgage, for the premises in question, was executed by *James L. Thurman* to *Nicholas Rosevelt*, dated *Dec.* 29*th*, 1812, with a bond of the same date, as collateral security, in the penal sum of $7400, conditioned for the payment of $3700, in 10 years from the date, with interest. *Sept.* 17, 1815, *Rosevelt* assigned the mortgage to *John Cramer*, who, on the 18*th January*, 1817, re-assigned to *Rosevelt*, who, on the 21*st April*, 1817, assigned to *Doe*, one of the lessors of

A release of the debt discharges the mortgage also.

Where there are general words alone, in a release, they shall be taken most strongly against the releasor ; but where there is a particular recital, and then general words follow, these shall be qualified by the recital.

A writing signed by the obligor in a mortgage bond, stating the object for which an indorsement is made on the bond, cannot be contradicted by parol evidence, as between the mortgagee on the one hand, and the mortgagor, or one claiming under him, on the other.

In ejectment, one who has delivered possession of the premises in question to the defendant, upon his parol agreement to purchase, cannot be a witness for him.

In ejectment by the mortgagee, the defendant may prove, by parol, that the mortgage debt is paid, which is a good defence to the action.

Where a release acknowledged the receipt of $1, in full of a certain judgment, (describing it) and also in full of all debts, demands, judgments, executions, and accounts, whatsoever; held, that it was restrained, by the particular words, to the judgment only ; and did not operate upon a mortgage between the parties.

the plaintiff. The defendant was proved in possession, under a contract to purchase of *Thurman.* On the bond were the two following indorsements:

" I, *Nicholas Rosevelt,* do hereby fully release and discharge the within named obligor, *James L. Thurman,* from all liability on the within bond, and rely on the mortgage given with the bond, as my security for the payment of the money mentioned in the bond. Dated *January 21st,* 1816.
*Nicholas Rosevelt.*"

" I, *James L. Thurman,* do hereby consent, that *Nicholas Rosevelt* shall immediately foreclose on the mortgage for which this bond is given as security, for the interest in arrears on said mortgage. Dated *Jan.* 21, 1817.
*J. L. Thurman.*"

The plaintiff's counsel resting, the counsel for the defendant then moved for a non-suit, because no notice to quit was proved, and the above endorsements operated to cancel the mortgage. The Judge overruled the motion.

The defendant then gave in evidence the following release:

" Know all men by these presents, that I, *Nicholas Rosevelt,* of *Johnsburgh,* in the county of *Warren,* have this day received of *James L. Thurman,* one dollar, in full of the judgment recovered by me against the said *Thurman,* in the Supreme Court, on a bond executed to me by the said *Thurman,* dated in *December,* 1812, being for two years interest on the said bond ; and also in full of all *debts, demands, judgments, executions* and *accounts,* of whatsoever nature, to this date, either in law or equity. In witness whereof, I have hereunto set my hand and seal, this 21*st* day of *January,* 1817.
*Nicholas Rosevelt,* (L. S.)
In presence of *Seth C. Baldwin, Jr.*"

Mr. *Baldwin* was called as a witness for the defendant, and testified that he drew the above indorsements and release, which were all executed simultaneously, *Jan.* 21*st,* 1817, the date of 1816, in the first indorsement, being a mistake. The object of the parties, as he understood it, was, to effect a discharge of the bond, so that *James L. Thurman* should be released from all liability on the same,

There were, at the time, cross-judgments between *Thurman* and *Rosevelt*, the balance being about $800 in favour of *Thurman*. The parties intended to discharge the judgments, and the bond, in full, so far as *Thurman* was concerned. This he understood from both the parties, and endeavoured so to draw the papers as to give them that effect. Something was said, at the same time, about giving up the bond to *Thurman;* but it was retained on the suggestion of Mr. *Cramer*, that this might be proper for some purpose not within the witness' recollection.

The defendant then gave in evidence the following release :

"Know all men by these presents, that I, *James L. Thurman*, of *Warrensburgh*, in the county of *Warren*, have, this day received of *Nicholas Rosevelt*, one dollar, in full of all debts, demands, judgments, executions, and accounts, of whatsoever nature, to this date, either in law or equity. In witness whereof, I have hereunto set my hand and seal, this 21*st* day of *January*, 1817.

                         *J. L. Thurman.*"

The defendant then offered to prove, that the endorsement on the bond, signed by *Thurman*, was not intended to be carried into effect for *Rosevelt's* benefit, but that it was intended, and so expressly agreed, betwen *R. & T.* at the time of executing the above releases between them, that the mortgage should be held by *R.* as a cover for the benefit of *T.* against judgments and executions then existing against him : and that *R.* should sell, and bid in the premises under the mortgage, for *T's* benefit. The counsel for the defendant, said he offered this evidence, not for the purpose of proving fraud, but to explain the whole transaction, and shew that it was the intention of the parties, that the bond, mortgage and judgments between *R. & T.* should be actually discharged by the execution of their mutual releases above set forth. This evidence was objected to by the plaintiff's counsel, and rejected by the Judge.

The defendant then offered to prove by parol, that the bond was discharged at the time of the endorsements, for a full and valuable consideration. This was also objected to

NEW-YORK,
May, 1823.

JACKSON
v.
STACKHOUSE.

by the plaintiff's counsel, and overruled by the Judge as unnecessary; that fact having been before proved by the endorsements.

The defendant then offered *James L. Thurman*, as a witness, whose competency was objected to by the plaintiff's counsel, because it was in evidence that the defendant was in possession under him; and the Judge rejected him.

The cause was submitted, without argument, upon the several points raised at the trial, viz.

1. That the defendant was not entitled to a notice to quit. (a)

2. That the endorsement does not amount to a satisfaction of the mortgage, either in law or equity.

3. There is no seal to the endorsement. It, therefore, cannot operate as a satisfaction of the bond.

4. The endorsement on the bond and the two releases do not amount to a discharge of the bond and mortgage, either in law or equity.

5. The offer on the part of the defendant to explain the several documents by parol evidence, was properly rejected by the Judge.

6. The offer to shew by parol, that the bond was discharged, was properly rejected.

7. *James L. Thurman* was properly rejected by the Judge, for the reason assigned at the trial, viz. his interest to support the defendant's possession.

*Doe*, for the plaintiff.

*G. Van Schoonhoven & Mandeville*, for the defendant.

*Curia*, per WOODWORTH, J. The defendant was not entitled to notice to quit; there was no privity either of contract or estate between the defendant and the lessor of the plaintiff. The relationship of landlord and tenant did not exist between him and the mortgagee. (2 *John.* 84. 4 *John.* 215. 3 *John*, 422.) The indorsement on the bond by *Rosevelt*, was intended to discharge *Thurman* from personal liability only, and that the mortgage should remain a lien on the land. It may be questioned, whether the writing can-

(a) 2 *John. Rep.* 84. 4 *id* 215.

NEW-YORK, have any effect.  A release, not by deed, and without con-
May, 1823. sideration, is void ; (13 *John.* 87) no consideration is stated,
JACKSON   and it is not under seal ; if it had been, it would be construed
    v.    as a covenant not to sue *Thurman,* and operate as a release
STACKHOUSE. to avoid circuity of action.  (2 *John.* 448, *Harrison* v.
*Close & Wilcox.*)

If the debt due on the bond was in judgment of law re-
leased, the mortgage would be discharged also.  But the
writing being inoperative, the mortgage remains in force.
The motion for a non-suit was properly overruled.

The release given in evidence by the the defendant, dis-
charged the judgment obtained against the mortgagor, for
two years interest on the bond ; it also contains general
words, " *in full, of all debts, demands, judgments, execu-
tions and accounts, of whatsoever nature, in law or equity.*"
It is well settled, that where there are general words alone,
in a deed of release, they shall be taken most strongly
against the releasor ; but where there is a particular recital,
and then general words follow, the general words shall be
qualified by the particular recital. (5 *Bac. tit. Rel.* (K) 710.)

Thus, if a release acknowledges the receipt of £10, and
thereof acquits and discharges the person of whom it is re-
ceived, and also of all actions, debts and demands, by the
release nothing is discharged but the £10 ; for the last words
are limited by the first. (2 *Roll. Ab.* 409. 3 *Mod.* 277. 1 *Ld.
Ray.* 235. 4 *B. & P.* 113. 5 *Bac.* 711.)  So in this case
the release discharged the judgment only ; the general
words have no effect beyond it.  The evidence offered to
prove that it was agreed that the mortgage should be held
by the mortgagee, as a cover for the benefit of the mortga-
gor, was irrelevant and inadmissible, inasmuch as it would
contradict the indorsement signed by the mortgagor, which
states that the mortgage might be foreclosed as security for
the interest then due on the same.  *Thurman* was properly
rejected as a witness ; the defendant held under him, and
whether bound to protect the defendant or not, he had an
interest in the possession, which could not be supported by
his testimony.

The defendant offered to prove by parol, that the bond was discha ged, at the time the indorsements were made, for a full and satisfactory consideration. I think the Judge erred in considering that fact before proved by the indorsements. It was certainly admissible to prove payment of the bond, as a distinct fact, unconnected with the indorsements. This was substantially offered, and had it been proved, the plaintiff could not recover. On this ground I am of opinion that the verdict be set aside, and a new trial granted, with costs to abide the event.

New trial granted.