ALBANY,
Feb. 1824.

Jackson
v.
Stafford.

JACKSON, *ex dem.* BEACH, *against* STAFFORD.

A delay of more than 4 years to bring ejectment, after notice to quit by a mortgagee to the mortgagor, is not a waiver of the notice.

EJECTMENT, tried at the Saratoga Circuit, Dec. 1823, before his honor, R. HYDE WALWORTH, Circuit Judge. The action was commenced in the vacation after August term, 1823, in behalf of Beach, as *mortgagee*, against the defendant Stafford, the *mortgagor* of certain premises in the town of Saratoga, in the county of Saratoga. On the trial, the plaintiff gave in evidence the mortgage, which bore date April 17th, 1817; also a notice to quit, in these words:

"Mr. Samuel Stafford, Sir, You are hereby required to quit and deliver up, or cause to be delivered to me, the premises you mortgaged to me, situate in the town of Saratoga, by the *eleventh* day of December next. June 10th, 1818. Yours, &c.

*Miles Beach.*"

The notice to quit by a mortgagee to a mortgagor, need not direct the mortgagor to quit on a day in the year corresponding with the date of the mortgage.

The service of this notice being proved, six months before its expiration, the counsel for the defendant raised two objections. 1. That the lessor of the plaintiff had waived his notice to quit by more than 4 years delay to bring an action after the notice was given. 2. That the notice to quit was defective, in not directing the mortgagor to quit on a day in the year corresponding with the date of the mortgage. He insisted that this was like a tenancy from year to year, in which case the notice to quit should have respect to the expiration of the current year.

The Circuit Judge overruled both these objections, and denied an order to stay the proceedings, for the purpose of enabling the defendant to move for a new trial on a case made containing the above facts.

On appeal to this Court, they were clearly against the defendant, and also denied an order to stay proceedings.

Judgment for the plaintiff.

(a) Vid. Wood. & T. 218, and cases there cited.