Curia, per Savage, Ch. J.
I think a prima facie title was shown in the lessor of the plaintiff; but if not, it appears. *from the whole case, that the defendant cannot deny the lessor’s title; having taken possession under him. Was he, then, entitled to notice to quit ? There is certainly some confusion in the books on this question: but it may be safely asserted that notice to quit is never necessary, unless the relation of landlord and tenant exist. In this case the relation between the parties was, in the first in *748 stance, that of vendor and vendee. It was so as between! the lessor of the plaintiff, and the sons of the defendant. There was a license also to enter; but no agreement to pay rent. In the case of Suffern v. Townsend, (9 John. 35,) it was held that an agreement to purchase did not amount to a license to enter; and that the defendant could not pretend to have possession in a higher character than a tenant at will; the purchase of the premises being by parol. In Smith v. Stewart, (6 John. 46,) the plaintiff sued for use and occupation. The evidence was, that the defendant took possession under a parol agreement to purchase at 5 dollars per acre. He remained in possession 12 years. A deed was offered him, on payment of the purchase money; and he promised to pay, but finally refused; when the action was brought, and the plaintiff was non-suited, on the ground that assumpsit for use and occupation would not lie, unless the relation of landlord and tenant existed, founded upon some agreement creating that relation; that the defendant entered under a contract which might be enforced in equity; a contract for a deed; but having broken his contract, he changed himself to a trespasser. The court say the better opinion is, that he was never strictly a tenant; nor entitled to notice to quit, nor liable to distress, nor to an action of assumpsit for rent; that he was liable in another way, to be turned out as a trespasser; and responsible for mesne profits. In Jackson v. Bradt, (2 Cain. 174,) decided in 1804, it was held that a mere tenant at will cannot require notice to quit. It is there said, that the reservation of an annual rent, is the leading circumstance that turns leases for uncertain terms, into leases from year to year. The ^defendant had leave to occupy and possess the land; and, under that lease, did occupy for 30 years; but there was no reservation of rent. The next case is Jackson v. Bryan, (1 John. 322,) decided in 1806. One Horton took possession in 1775, by permission of the owner, who promised to pay for. the improvements, if Hofton chose' to quit. In 1786, the property was sold by the commissioners of forfeitures. The *749 tenant had permission from the new owner to sell his improvements; and they came to the defendant for $100. This permission was in writing; but contained no condition nor reservation of rent. The' defendant haying been in possession more than 30 years, refused to take a lease, saying he meant to keep the premises. That he thought his title as good as the lessor’s. On the trial, the plaintiff was non-suited for want of notice to quit; Tompkins, justice, going the length of saying, that a tenant at will, is entitled to notice according to 3 Wils. 25. Thompson, justice, dissented. Spencer, justice, delivered the opinion of the court.' He" held that after so long an occupancy, under the circumstances, notice ought to be given. He considered the landlord’s.right to sue for use and occupation equivalent to the reservation of rent. In this case, there was no contract to purchase; but a bare permission. to occupy, without any terms or conditions. The next case is Jackson v. Laughead, (2 John. 75,) decided in the same year, between mortgagor and mortgagee. ■ Livingston, justice, delivered the opinion of the court. He declined considering whether the mortgagor, was tenant at sufferance, at will, or for years. He laid down the broad proposition, that no man who holds land by the owner’s consent for an indefinite period, ought ever to be evicted by ejectment without notice to quit. Thompson, justice, dissented ; relying on two cases in this court not reported, and Jackson v. Bradt. In Jackson v. Deyo, (3 John, 422, A. D. 1808,) the court say, it has never been decided that a notice to quit was necessary, unless where the relation of landlord and tenant existed. The defendant there claimed under a contract from T. L. Whitbeck, having paid the purchase money. The lessor of the plaintiff was heir of -'Whitbeck. There was no semblance of the relationship of landlord and tenant. Jackson v. Green, (4 John. 186, A. D. 1809,) adopts the same principle with Jackson v. Longhead: that a mortgagor is entitled to notice; and applies it'-to the case of a conveyance absolute bn its face, with a defeasance. But in Jackson v. Fuller, (4 John. 215, A. D. 1809,) it was held that’notice is not necessary as against the assignee of the mortgagor: because between *750 him and the mortgagee there is no privity of contract; and the relation of landlord and tenant cannot exist. In Phillips v. Covert, (7 John. 4, A. D. 1810,) Kent, chief justice, said, tenancies at will are now held to be estates from year to year, merely for the sake of a notice to quit. He probably intended the remark for the cases of actual or express tenancies at will; for such was the case then before the court. The persons under whom the defendant claimed, had taken the premises for no definite period; but while they behaved well and paid rent. They had paid some rent, and their names were entered in the rent-book of the plaintiff’s agent. This was a tenancy at will; though the court intimated it would be a tenancy from year to year for the purpose of a notice to quit. In Jackson v. Wilsey, (9 John. 267, A. D. 1812,) the defendants occupied more land than was covered by their lease: for which excess the action was brought. The court held a notice was necessary, on the ground that rent had been paid as well for that part of the farm as for so much as was included in the lease. They also remarked, that in the English courts, tenant at will is entitled to notice. In Jackson v. Niven, (10 John. 335, A. D. 1813,) the defendant held under a purchase from the lessor by contract under seal; but a rent was reserved, and had been paid. The court held a notice necessary. The case of Jackson v. Aldrich, (13 John. 106, A. D. 1816,) presents a case different from the last. The defendant conveyed the premises to one Garrison, and he to the lessor of the plaintiff in 1802; but the defendant continued in possession, on what terms does not appear. It appears, however, that in a suit between the defendant and Garrison, in 1814, long after Garrison had conveyed, *he was allowed rent for the premises; but the lessor of the plaintiff was not privy to it. It was contended that a notice to quit was necessary; but ruled otherwise; and the court held the decision right. Thompson, chief justice, discussed the subject at length; and concluded that there was no evidence of a holding from year to year; and admitting him to have been a tenant at will, he was not entitled to notice to quit. Spencer, J., dissented; and laid down the *751 proposition that where the defendant enters lawfully into possession, and by permission of the owner, and has done po act hostile to him, he cannot be treated as a trespasser, and subjected to an action of ejectment without notice to quit. The. next case is Jackson v. Kingsley, (17 John. 158, A. D. 1819.) The lessor of the plaintiff held the premises under a lease, paying rent to Eomayne. He agreed to sell to one Benton for $750, subject to the rent. Benton took possession, and died there. The defendant married Benton’s widow and lived on the premises. Spencer, chief justice, in delivering the opinion of the court,' says the objection that notice to quit ought to have been given is untenable. The relation of landlord and tenant never existed between these parties. As between them, it was an agreement to sell; and in such case notice is unnecessary; and he cites 3 John. 422, and 13 John, 106.
, In England, the rule in relation to a purchaser seems to be different. There a tenant at will is entitled to notice; and lord Ellenborough said, that after the lessor had put the defendant into possession, he could not, without a demand of possession, and a refusal by the defendant, or some wrongful act by him to determine his lawful possession, .treat the defendant as a wrong doer and trespasser, as he assumes to do by the action of ejectment, (13 East, 210, 211.)
The general rule here is, that tenancies at will are to be considered tenancies from year to year, merely for the sake of a notice to quit; (4 Cowen, 350;) but this seems to be subject to the exception of a tenancy at will created, by an entry under a contract to purchase. In all the cases of this .^description which I have found in our own books, notice has'been held to be unnecessary.
In this case, every reasonable notice was given except a formal notice to quit. The lessor repeatedly called for payment, which was declined on the ground of inability, though the improvements are valued at 700 or 800 dollars. Whether notice shall be given or not, is mere matter of practice; and it seems, reasonable that it should be given jit all casés where the tenant occupies with the permission *752 of the landlord for an indefinite period; and does no act hostile to the landlord. But the case of a contract to sell seems to have been uniformly considered an exception. ¡No notice was necessary therefore; and the plaintiff is entitled to judgment.[1]
Judgment for the plaintiff.

 A person entering upon land, with the permission of the owner, as an occupant, without reserving any rent, and with leave to make improvements, will, after eighteen years’ possession, be considered, a tenant from year to year, and, as such, entitled to notice to quit. Jackson ex dem. Livingston v. Bryan, 1 John. Rep. 322.
And where the person who originally entered, sold his improvements to a third person, who took possession, held, that such third person was entitled to a notice to quit.
A. entered into possession of land, as tenant to B., under an agreement for the hire of the land, for one year, at one hundred dollars, and held over the year; held, that, after the year, he was a tenant at sufferance, and not entitled to a notice to quit. Jackson ex dem. Anderson et al. v. M'Leod, 12 John. Rep. 182.
Where A., a lessee, agreed to sell his lease to B. for a certain sum, and indorsed his name on the lease, and delivered it to B.,' who paid him the purchase money, and agreed to pay the rent in arrear, and to become due on the lease; held, that this was an agreement for a sale, and that the rotation of landlord and tenant did not exist between them, so as to entitle B. to a notice to quit. Jackson ex dem. Stewart v. Kingsley, 17 John. Rep. 158.
Tenant dies intestate in possession of certain premisés. His widow, after continuing to occupy for several years, paying rent to the landlord, marries a second time, and her husband enters into possession, and pays rent for several years to the landlord; and, upon the death of the wife, the personal representative of the first husband obtains administration of his estate and effects, and brings ejectment to evict the second husband; held, that the action was maintainable without giving a formal notice to quit. Doe v. Bradbury, 2 Dowl. & Ryl. Rep. 706.
, - Where, by the agreement for the sále of lands, the defendant is, on delivery of the possession, to pay part of the purchase money, the residue to be paid at future periods, and the defendant pays part and takes possession under the agreement, the vendor cannot maintain ejectment without giving notice to quit. Jackson ex dem. Ostrander v. Rowan, 9 John. Rep. 330. See Den, v. M'Shane, 1 Green’s Rep. 95.
An occupant, under an executory contract, is a guasi tenant at will; and though he could not be evicted without a previous demand of the possession, he is not entitled to six months’ notice to quit. Venuble v. M'Donald, 4 Dana’s Rep, 337; Den v. Webster, 10 Yerger’s Rep. 513.
Notice to quit is necessary, before the landlord can bring ejectment against his tenant from year to year, or at will, unless some act has been done which *752-1 determines the tenancy; and so generally, whenever the tenant enters into possession with the assent of the landlord, no definite period being fixed for continuance of the possession. Jackson ex dem. Church v. Miller, 7 Cow. Rep. 747.
The grantor of a small lot of land remained in possession of the premises conveyed for twenty-seven years, and no entry or act of ownership, on the part of the grantee, was shown: it was held, that such possession was not adverse; that nothing but a clear and unequivocal and notorious disclaimer of the title of the grantee could render the possession, however long continued, adverse. It was further held, that the defendant was not entitled to notice to quit; that the relation of landlord and tenant did not subsist between the grantor and those claiming under the grantee; the more especially, as the nature and situation of the property repelled the presumption of a hiring of the premises by the grantor. Jackson ex dem. Bowen v. Burton, 1 Wen. Rep. 341.
Landlord enters into an agreement with tenant, on 2d January, 1815, to grant the latter a lease for eight years, of certain premises, the agreement to take effect from the 10th October, 1814, from which time tenant had been in possession, yielding 2s. 6<£ yearly, and, in case he held over after the term, he was to pay 10s. per diem for every day he retained possession. The lease was never granted. At the expiration of the term, tenant held over, after having been served with a nine months’ notice to quit at the end of the year for which he held, which should first happen after the expiration of half a year from the date of the notice. He was then served with" a written démand of possession, and the same paper notified to him, that, if he did not yield quiet possession, an ejectment would be brought: held, 1st, that the tenant was not to be tried as a tenant from year to year; and, 2d, that the demand of possession was sufficient notice, within 1 Geo. IV., c. 37, so as to entitle the plaintiff to the benefit of the undertaking, and security required by that statute. Doe dem, Marquis of Anglesey v. Roe, 2 Dowl. & Ryl. Rep. 666.
Where an agreement was made between A. and B. that the former should sell certain premises to B., if it turned out that he had a title to them, and that'B. should have the possession from the date of that agreement; held, that an ejectment could not be maintained by A. against B., without a demand of possession, although the object of the action was to try the title to the premises. Doe ex dem. Newby v. Jackson, 1 Barn. & Cress. Rep. 448.
A tenancy at will is held to be a tenancy from year to year, merely for the purpose of a notice to quit. Bradley v. Coval, 4 Cow. Rep. 349. A shorter notice (e. g. three months) will terminate the tenancy; but, in such case, where the holding is at a stated rent, the notice turns the tenancy at will into a tenancy from year to year, running from the expiration of the first notice; and imposes the necessity of giving a notice to quit of six months, terminating on a day in the year corresponding with the termination of the first notice, in order to warrant an ejectment; and the holding over upon the tenancy from year to year is at the former rent. Ib. Where a tenant holds over, after such notice, without any new stipulation, the law implies an agreement that it should be at the former rent. Ib.
*752-2 A rector, in December, 1816, granted, bargained, sold, and demised the rectory and all the glebe lands, tithes, &c., to a trustee for securing an annuity for a term of years, if he, the rector, should so long live. This conveyance having been made after the passing of the 43 Geo. III., c. 84, and before the passing of 67 Geo. III., c. 99, was held to be a valid conveyance, and to pass the legal estate to the trustee.
The rector succeeded to the rectory, upon the death of the former incumbent, in April, 1S16. A. and B. were then in possession of the glebe lands, having been tenants of the former incumbent, and they continued in possession till after December, 1816, when the rector conveyed them to the trustee for securing the annuity: held, that the latter could not maintain an ejectment against A. and B., without giving them a notice to quit. Doe dem. Cates et al. v. Somerville, 6 Barn. & Cress. Rep. 126.
If the tenant in possession holds under the mortgagor by lease subsequent to the mortgage as tenant from year to year, he is not entitled to a notice to quit. Den v. Stockton, 7 Halst. 322.
A lessee who has taken possession of more land than he was entitled to by his leash, and rent has been paid and received for the entire premises in his possession, becomes tenant from year to year, and the lessor cannot bring ejectment for the land not included in the lease, without showing a notice to quit. Jackson ex dem. Livingston et al. v. Wilsey et al., 9 John. Rep. 267.
B. entered into possession, under an agreement for a conveyance, when the whole of the purchase money should be paid, and, in the meantime, to pay an annual rent of twenty-five bushels of wheat; B., having paid rent for one year, at least, becomes a tenant, and is entitled to notice to quit. Jackson ex dem. Livingston v. Niven, 10 John. Rep. 336.
A mortgagor is entitled to notice to quit, (of six months,) previous to bringing an action of ejectment by the mortgagee. Jackson ex dem. Benton v. Laughead, 2 John. Rep. 75. (Same point,) Jackson ex dem. Carr v. Green, 4 John. Rep. 186.
But a purchaser from the mortgagor is not entitled to notice, for the relationship of landlord and tenant does not exist between him and the mortgagee. Jackson ex dem. Simmons v. Chase, 2 John. Rep. 84. (Same point,) Jackson ex dem. Ferris v. Fuller, 4 John. Rep. 215.
Where a mortgage contains a power of sale, on default of payment, and the mortgagee proceeds under the power, and gives public notice of the sale of the mortgaged premises for six successive months, pursuant to the statute, this, in an ejectment afterwards brought against the mortgagor, will be- deemed equivalent to six months’ notice to quit, previous to the commencement of the suit. Jackson ex dem. Bennett v. Lamson, 17 John. Rep. 300.
Though a mortgagor in possession is entitled to a notice to quit, before an action brought, yet, if he sells the premises absolutely, the purchaser is not entitled to notice to quit. Jackson ex dem. Barclay et al. v. Hopkins, 18 John. Rep. 487. Offering to show that a mortgage had been paid off and satisfied, is not a waiver of notice to quit. Ib. An assignment of a mortgage by the mortgagee does not destroy the privity of tha estate, or change the condition of the mortgagor’s tenancy. Ib.
*752-3 A delay of more than four years to bring ejectment, after notice to quit by a mortgagee to a mortgagor, is not a waiver of the notice. Jackson ex dem. Beach v. Stafford, 2 Cow. Rep. 547. The notice to quit by a mortgagees to a mortgagor, need not direct the mortgagor to quit on a day in the year corresponding with the date of the mortgage. Ib.
The mortgagor, in order to warrant ejectment against him, is not entitled to notice to quit, after foreclosure. At any rate, the advertisement of sale operates as a sufficient notice to quit. Jackson ex dem. Walsh v. Colden, 4 Cow. Rep. 266.
One who holds of a mortgagor, under a parol contract to purchase, is not entitled to a notice to quit. Jackson ex dem. Roosevelt et al. v. Stackhouse, 1 Cow. Rep. 122.
If the lessor allows the tenant to remain in possession seventeen years after the expiration of the lease, he cannot recover in ejectment, without notice to quit. Bedford v. M'Elherron, 2 Serg. & R. Rep. 49.