PRINDLE *vs.* ANDERSON.

A parol contract for the leasing of land for a term longer than one year is void; but if the tenant enter and by the terms of the contract the rent is to be paid at periods less than a year, as from month to month, the tenancy will be held to run accordingly.

A notice to quit in such case must be a notice of one month.

Where in such case a landlord gave a notice to quit, which expired on the fourth day of May, and subsequently received rent up to the first day of June following, and on the seventeenth day of June instituted proceedings under the landlord and tenant act, stating the receipt of rent up to the first day of June without alleging in his affidavit that at the time of so receiving it, he saved or reserved his rights under the notice to quit, it was held that the acceptance of the rent was a waiver of the notice, and that consequently the proceedings to remove the tenant were premature and erroneous.

The unqualified acceptance of rent after the expiration of the notice to quit, as is a waiver of the notice; where there are circumstances creating a doubt to the quo animo, it is received, or as to the bona fides of the tenants, the question should be submitted to a jury; and it seems that though it is not the absolute duty of a judge to leave the question to a jury where there are no qualifying circumstances, yet that it would not be amiss to do so.

Where, however, there is a general acceptance of rent after a notice to quit, has expired, it would be erroneous for a judge on a trial at nisi prius to instruct the jury that there is no evidence of waiver; and yet in reviewing proceedings under the landlord and tenant act on certiorari, this court will not for that cause quash the proceedings: they holding that the power of the court does not extend to the correcting of such an error; that a return of the evidence, or of exceptionable charges to juries on hearings or trials in summary proceedings, cannot be compelled; that the magistrate is under no obligation to make return as to such matters, and incurs no responsibility, should he make a false return; that the power of this court is limited to questions arising upon the jurisdiction, the pleadings, the proofs and the verdict and judgment rendered in the subordinate tribunal.

LANDLORD and tenant. This was a *certiorari* to bring up proceedings had under the landlord and tenant act, against a tenant for holding over, 2 R. S. 421, 2d ed. On the 17th June, 1836, Anderson the landlord, made affidavit that he was the owner of a certain lot of land (describing it) and that a day or two previous to the 1st September, 1835, a verbal agreement was made between him and Prindle, the tenant, by which he was to lease the lot to Prindle for the term of *one year and eight months,* from 1st September, 1835, at a certain monthly rent, payable monthly; that one

of the conditions of the lease was to be that Prindle was not to keep a grocery upon the premises, and that *written leases* were to be executed ; that on the 1st September, 1835, Prindle entered ; that a few days thereafter he (the landlord) presented a *written lease* to Prindle, and offered to execute it, but that Prindle refused to execute it on his part, and no lease had since been executed ; that Prindle had continued in possession as tenant at sufferance or at will and still remained in possession, having paid the monthly rent from time to time, up to 1st June, 1836 ; that he had been informed and believed that a *notice to quit* the premises *within thirty days,* signed by him, had been personally served on Prindle on the *fourth day of April,* and that on the *second day of May,* another notice was served on Prindle requiring him to *quit without delay.* He further states that Prindle had admitted to him that he had had due notice to quit. Upon this affidavit a judge of the Washington common pleas issued a summons requiring Prindle to show cause why Anderson should not have possession. On the day appointed, Prindle appeared and made affidavit denying that he held as *tenant at sufferance* or *at will,* claiming to hold under the agreement made about 1st September, 1835, and that he had paid the rent according to such agreement up to 1st June, 1836, and alleging that it was the fault of the landlord that a written lease had not been executed. The trial of the cause was then adjourned until the *second day of July,* 1836, on which day Prindle paid to Anderson the *rent accrued in the month of June,* which was accepted by Anderson and a receipt therefor given by him. The trial proceeded and witnesses were sworn on the part of both landlord and tenant. When the proofs were closed, the counsel for the tenant requested the judge to charge the jury (the cause being tried by a jury) that the acceptance of the rent after the notice to quit, was a waiver of such notice. The judge expressed his opinion that it was not *any evidence of waiver,* but submitted the question to the jury, who found a verdict in favor of the landlord. Upon which the judge issued his warrant, and the landlord was put into possesssion. The cause was submited on written arguments.

*S. Stevens,* for the tenant.

*J. Lansing,* for the landlord.

NEW-YORK,
May, 1838.

Prindle
v.
Anderson.

*By the Court,* COWEN, J. It is not pretended that the proceedings subsequent to the affidavits, were irregular ; and we do not, on certiorari, look into the merits.

Does the affidavit of Anderson make out a tenancy and a holding over ? 2 R. S. 422, § 28, sub. 2. The agreement by *parol* was void within the statute of frauds, 2 R. S. 69, § 8, 2d ed. If otherwise, it was executory, and conferred no interest in the lessee. The rule insisted on, that the oral agreement became valid for the year and 8 months, by a past execution, has no application in a court of law. It did not become valid as such. Beside, the defendant refused to accept the lease for the term proposed.

The tenancy is then left to be inferred from the entry and the time at which rent was paid. I think the oral agreement is to be laid entirely out of view. Had Anderson refused to execute the lease, the oral agreement, though void as such, might according to several cases be called in, in aid of the course of holding and paying rent ; and on the whole case, we might be obliged to infer that the tenancy was intended for the year and 8 months, on a monthly rent, or at any rate that it was for more than a month ; say at least for one year. *Doe, ex dem. Peacock,* v. *Raffan,* 6 Esp. R. 4. *Doe, ex dem. Riggs,* v. *Bell,* 5 T. R. 471. *Schuyler* v. *Leggett,* 2 Cowen, 660. But the affidavit (though I confess rather hesitatingly) throws the refusal upon Prindle. We are then thrown back upon the course of holding and paying rent : and it has been well decided by Lord Ellenborough, that where this is on an actual payment of rent at periods less than one year, as from week to week, the tenancy must be taken to run accordingly. *Doe, ex dem. Peacock,* v. *Raffan,* 6 Esp. R. 4. Here then, so far, we must say the affidavit shows, argumentatively and on just inference, a tenancy from month to month. Lord Ellenborough decided, in the same case that the time of notice to quit must be regulated accordingly, and that there it stood at one week. Here, by par-

NEW-YORK,
May, 1838.

Prindle
v.
Anderson.

ity, it would be one month, which is averred to have been given on the hearsay and belief of the landlord; another general notice to quit immediately, and the admission of the tenant that he had had regular notice. It is not forcing the language of the affidavit to say that, on the whole, due notice may be inferred from it; though the mere hearsay would not have done. So if we were to regard this as a tenancy at will or sufferance, the notice was sufficient. 1 R. S. 737, § 7, 2d ed.

The single remaining inquiry is, whether the affidavit has not upset the case otherwise made out, by admitting the unqualified receipt of rent after notice to quit had been given. Had that been stated as a conditional or special receipt of rent, in terms saving and reserving all rights under the notice, clearly the latter would have remained good; for the landlord ought to have his rent for the wrongful occupation, or rather as it would then stand, his damages, for he would decline receiving it as rent *eo nomine*. But that is not this case. The affidavit says rent was received monthly, up to the 1st of June. Was this a waiver of the notice to quit? I think it was. The very point was held in *Goodright, ex dem. Charter*, v. *Cordwent*, 6 T. R. 219, 220, approved by Woodworth, J., in *Jackson, ex dem. Norton*, v. *Sheldon*, 5 Cowen, 448, 455. It is said that the receipt of rent was an equivocal act, to be left to the jury; and they are to pronounce whether it was intended as a waiver and a continuance of the tenancy for another month. That is true, provided there be a case for the jury. Lord Mansfield did so in *Doe, ex dem. Cheny*, v. *Balten*, 1 Cowp. 243. He first expresses an opinion generally, that the intent of the parties is to go to the jury; but he afterwards assumes that a proper case must be made out for them. At page 245, he says, speaking of the landlord: " This circumstance," (the payment of rent) " it is insisted is in fact a declaration on his (the landlord's) part, that he departs from the notice he had given, and is an acknowledgment that he still considers the defendant as his tenant. But let us suppose that the landlord had accepted this rent under terms, or made an express declaration that he did not mean to waive the no-

NEW-YORK,
May, 1838.

Prindle
v.
Anderson.

tice, and that notwithstanding his acceptance or receipt of the rent, he should still insist upon the possession; or suppose any fraud or contrivance on the part of the tenant in paying it—clearly, under such circumstances, the plaintiff ought not to be barred of his right to recover; but all these facts ought to be left to the consideration of the jury." When this case was cited in *Zouch, ex dem. Ward,* v. *Willingdale,* Wilson, J., said : " There was in fact a design to deceive the landlord, and a question, I remember very well, was made, whether he should be bound by the terms of the receipt, in which the money was called rent for that direct purpose, *which was the ground of Lord Mansfield's saying that the question quo animo should be left to the jury.*" It is indeed true that in *Goodright, ex dem. Charter,* v. *Cordwent,* 6 T. R. 219, Lawrence, J., left a *general* payment made after the expiration of the notice to quit, to the jury; and directed them to find the *quo animo.* They having found for the defendant, on a motion for a new trial, Lord Kenyon, Ch. J., who delivered the opinion of the court, speaks very strongly as to the effect of this general receiving of rent. I cannot collect from the cases that it would be the absolute duty of the judge to leave the question to the jury, where there was no color for supposing a qualification. It may be the best course, for the very fact that notice has been given, might lead their minds to the conclusion that neither party thought, under such circumstances, of continuing the tenancy, or that the tenant meant to trick his landlord by a hasty general payment, hoping that he would forget the notice at the moment, or the necessity of qualifying the payment.

But what is the case at bar? It is left by the statute to be made out by the plaintiff's own affidavit. He shows a tenancy from month to month, a notice to quit expired, and then a general receipt of rent; and he will not himself say under oath that he did not mean by that act to continue the tenancy still on for another month. The statute giving this summary proceeding allows the affidavit to come in as a plaint or declaration. 2 R. S. 422, § 28, 9. The landlord may make oath of the facts which authorize the removal of

the tenant. This is not only to give the judge jurisdiction, but it must make out a valid case in substance; otherwise there is error on the record. The plaint or pleadings are always a part of the record, and the plaint a most important part, as being the incipient jurisdictional step. In sound legal sense, the construction of equivocal words shall be taken most strongly against the pleader. If he will not even by his own words make out a direct and full case, it is not for the court and jury to help him by presuming more than he will say. He can not be helped as is some times done in a justice's court, by looking through the merits. A common law certiorari does not bring up the proceedings on the trial. It is confined to questions on the jurisdiction, pleadings, process, verdict and judgment. If all these be good in form, the law is satisfied, and we must be satisfied. No bill of exceptions is given by statute, or any thing in nature of a bill of exceptions. I must, therefore, here be considered as speaking of the affidavit alone. Nothing else in the record, as such, is complained of. I have read the judge's charge and the evidence returned. After such payments and unqualified receipts for rent as were proved in this case, for him to tell the jury there was no evidence of waiver, was erroneous. But I do not go upon that. We cannot compel a return of the evidence, or of exceptionable decisions, or charges on hearings or trials upon summary proceedings. The magistrate is under no obligation to make such a return. He incurs no responsibility by returning falsely. The whole is waste paper *pro tanto*. I proceed upon the affidavit. It is true, we are not, in the nature of this proceeding, to expect or to exact technical accuracy and fulness in the statement of the plaintiff's case. A special demurrer is not applicable. But he must at least present by his affidavits such facts as will enable us to infer argumentatively and upon just rules of construction a substantial case; otherwise, there is error on the record. Such I think we must hold to exist in this record. It was not necessary for the plaintiff to state this receipt of rent. But having done so, and seeing nothing to rebut the ordinary inference that it was intended to continue the tenancy, we

must adopt that inference. In this view, the proceedings were prematurely commenced and must for that reason be reversed.