Hitchcock, J.
The bill of exceptions in this case does not show the nature of the title upon which the plaintiff below sought to recover. It may be presumed, however, that he *had the legal title, as there was evidence that he had entered into a written contract to sell and convey the premises in controversy to others, and that the defendant below claimed possession as assignee of that contract. The question is, whether taking so much of the evidence as is exhibited to us, and it does not appear that we have all that was offered, the then plaintiff should have been •nonsuited.
The first error assigned is, that the declaration and notice in ■ejectment were not served on the tenant in possession ten days before the first day of the term, to which the declaration and notice were returned “ served.”
The declaration in the case was entitled as of the April term, 1846, and with the notice, was filed on the 5th day of August of the same year. The notice was served on the 25th day of July proceding, as appears from the return, which is sworn to on the 4th day of August. On what day of the month tho August term •of the court commenced, we are not informed. If it was on the •day the return was sworn to, or' on the day the declaration and notice were filed, ten days intervened between the service of the notice and the next succeeding term of the court. But suppose ten days did not intervene, what is the consequence? Section 54 of the practice act, Swan’s Stat. 662, provides “that no plaintiff shall proceed, in ejectment, to recover any lands or tenements against any casual ejector, without ten days’ previous notice being given to the tenant in possession, if any there be.” Now here has been no recovery against the casual ejector; but the tenant in possession, at his own request, was ma'de defendant, and the proceedings against him were delayed until the November term of the court. He has had more than ten days’ notice. Had judg *410 ment been rendered against the casual ejector at the August term, without the requisite notice to the tenant in possession, such, judgment would have been erroneous. But such judgment might liavo been rendered at the next succeeding term with propriety, had notice been given to the tenant, prior to the return day of the process. Besides, there *is'nothing to show that any objection was made on this account at the trial, and it is too late-to make it upon writ of error.
It is assigned for error in the second place, that the court gave-judgment for the defendant in error without any proof that said, defendant had, prior to the service of the declaration in this case, made any demand of the plaintiff in error, or given him any notice of his intention to rescind the said contract, or to resume the possession of the lands.
The facts as disclosed in the bill of exceptions are these: The defendant in error entered into a contract with some person or persons, by which he agreed to sell the land in controversy; those persons had assigned their interest to the plaintiff in error, and Jbe claims to hold possession under this contract. He had violated some of the covenants of the contract, in failing to pay the taxes assessed upon the land. Whether by the terms of the contract the vendor had a right to the possession does not appear. But he had had no notice to quit, nor notice that the vendor intended to rescind the contract, except the notice served with the declaration in ejectment.
From anything which appears in the case the tenant in possession had nothing more in the land than amere equitable interest. The vendor had the legal title, and in ejectment the legal title-must prevail. When I speak of legal title, in this connection, I mean the legal right of possession. A vendor, who claims merely by contract, may, by the terms of his contract, have the right of possession' secured to him, and in such case, so long as he complies with that contract, may defend at law. But without such ■right secured by the terms of his contract, he has but a mere equity, of which he can only avail himself in a court of equity.
By the practice in England, and in New York, there are certain cases in which, prior to the commencement of an action of ejectment, the tenant must have notice to quit. Whether this was a principle of the common law or first introduced by statute is perhaps doubtful. It prevails in cases * where the relation *411 of landlord and tenant exists. In such case the tenant enters-having a legal right of possession, and that right continues until put an end to by the landlord. But this relation does not exist between vendor and vendee, where there is no other evidence of right on the part of the vendee than a mere contract of purchase-And it has been frequently decided in Now York, where the necessity of notice to quit is held to, with as much strictness as in England, that as between vendor and vendee no such notice is-necessary. 7 Cow. 747 ; 5 Wend. 26; 1 Wend. 418; 21 Wend. 233.
In this state, however, there is no rule of practice which requires a notice to quit, before the commencement of an ejectment. In the case of Spencer v. Markell, decided in 1826 (2 Ohio, 263), the court say “the doctrine of notice to quit, as it is applied in actions of ejectment, depends on statutory provisions and on rules of court, which have often been changed, and differ materially in different tribunals. The only notice required by the laws of this-state, is a notice of ten days to the tenant in possession, before a plaintiff in ejectment can proceed to judgment against a casual ejector. This notice has been considered as legally given by the service of the declaration, with the common notice attached, ten days before the first day of the term to which it is returned.” I am not aware of any statutory provision or of any rule of court,. changing the law, as hold in this case.
Inasmuch, then, as the defendant in error had the legal title to-the premises in controversy, and the plaintiff nothing but an equity, the court of common pleas did not err in refusing to enter a judgment of nonsuit, and in rendering a judgment for the defendant in error. The judgment of that court is therefore affirmed.