Horace Russell, J.
[Dissenting.]—I find myself *224 unable to agree to the conclusion reached by the learned chief judge. It seems to me he magnifies the importance of the plaintiff’s opinion that a contract for less than two years would be of no value to him. I cannot think that the rights of the parties are to be determined by any such consideration, or that, because we cannot give, the plaintiff all he asks, we should, therefore, give him nothing.
The question is, as it seems to me, what contract, if any, arose by implication from the fact that after the termination of the time agreed upon, the plaintiff continued to pay, and the defendant to receive, rent, of the same amount, and in the same manner, as under the contracts.
The plaintiff’s claim is that the acts of the parties created, by implication of law, a new contract for the period of two years, whereas the defendant contends— and on that theory the complaint was dismissed—that after the expiration of the period agreed upon, the plaintiff was a mere licensee, and the defendant had a right to revoke the license.
That the law will imply a contract from the conduct of the parties is too well settled to require discussion or the citation of authorities. But the law will not imply an executory contract which would be void by the statute of frauds. The statute is an insuperable obstacle to an implied- contract for two years. While the time of performance of a contract in writing may be extended by parol, or even by implication, it cannot be extended so as to create a contract which the statute declares void.
The question, however, remains, whether a contract for the further period of one year, to end December 30, 1881, was created by the acts of the parties. ■ I am of opinion that it was ; and that the complaint was, therefore, improperly dismissed. But for the statute of frauds, I should be disposed to hold that the impli *225 cation was for the same period as the original hiring (Sherwood v. Phillips, 13 Wend. 479). The law as to contracts for the leasing of lands and the hiring of personal services is so. I can see no reason for a different rule as to the hiring of a chattel.
The original agreement in this case was for the period of two years. It was extended by parol for the further period of two years. The defendant might have ended the renewed contract at the end of one year, because it was void under the statute, but the contract was executed and completed. The defendant might then have refused to receive rent, and might have treated the plaintiff, if he remained in possession, as a trespasser. But it did not. It received the rent for January, February and March. This, in my judgment, amounted to an election to renew the contract for the further period of one year. Having once exercised the right of election it could not thereafter recall it (Prindle v. Anderson, 19 Wend. 392).
It is well settled that where lands are let by parol for several years, so that the contract would be void under the statute, yet if the tenant goes into possession and pays rent, the law will uphold the letting as from year to year (Lee v. Smith, 9 Exch. 662). And so if after the termination of a valid contract for a number of years the tenant holds over, the landlord may treat him as a trespasser, or as a tenant from year to year (Schuyler v. Smith, 51 N. Y. 309). And the acceptance of rent after the end of a definite term, amounts to an election on the part of the landlord to treat the lessee as a tenant for another year (Roe d. Rigge v. Bell, 2 Smith L. C. 177 ; Wood Landl. & Ten. § 15, note 7; Jackson v. Wilsey, 9 Johns. 267 ; Jackson v. Parkhurst, 5 Id. 128 ; Jackson v. Anderson, 12 Id. 182; Prindle v. Anderson, 19 Wend. 391; Pugsley v. Aiken, 11 N. Y. 494).
Where the original letting is for a year, though the *226 payments are to be made from time to time during the year, the implied renewal is for a year.
“If there was a general letting at a yearly rent, though payable half yearly or quarterly, and though nothing was said about the duration of the term, it is an implied letting from year .to year.” Lord Mansfield, in Richardson v. Landgridge (4 Taunt.. 128, 131).
This doctrine was recognized and reiterated in Knight v. Bennett (3 Bing. 361); Bolton v. Tomlin (5 A. & E. 856), and in the New York common pleas, Morris D. Niles (12 Abb. Pr. 103), where Daly, Ch. J., says: “The payment of the quarter’s rent was sufficient evidence of the existence of a tenancy from year to year, at the yearly rent indicated by the payment” (see also Reeder v. Sayre, 70 N. Y. 180).
The history of the law which has come to this result is interestingly stated by Savage, Ch. J., in Sherwood v. Phillips (13 Wend. 479).
If, then, a horse car were realty, there could be no doubt that the acceptance of the rent by the defendant after an agreed term, would create an implied contract to let for the further period of one year. That is to say, where parties have been proceeding under a contract, and, after its termination, continue to act in the sapae manner, the law creates an implication of a contract with terms and conditions similar to the original, with this limitation, that it will not imply a contract void by the statute. The new contract, created by implication, is to be determined by the' terms of the old or by the course of the parties during a former tenancy. If the old tenancy was from month to month, so will the new be: if the old tenancy was from year to year, so will the new be (Cowen, J., in Prindle v. Anderson, 19 Wend. 391).
Of course, cars are not realty, but personal property. The law, however, is not peculiar to lettings' *227 of real estate (3 Wait' s Act. & Def. 582, title “Hiring”).
In Bleecker v. Johnson (51 How. Pr. 380), the plaintiff “was hired as a clerk at the rate of $1,500 a year, payable weekly;” the defendants sought to terminate the employment before the end of the year, claiming that the hiring was from week to week. The court held that the hiring was for a year, and the plaintiff was entitled to a year’s salary, citing: 2 Chitty Contr. 11 Am. ed. 841; Beeston v. Collier (4 Bing. 309); Turner v. Robinson (5 Barn. & Ad. 789); Fawcett v. Cash (Id.); Hullman v. Bontois (2 Carr. & P. 510); 1 Pars, on Contr. 518. . In William, Earl of Mansfield, v. Scott (1 Clark & Pin. (H. of L.) 319) the head-note is: “A master having admitted that, by his factor’s agreement, he promised to his servant, in addition to his ordinary wages, a present of twenty pounds, the service to be, at all events, till the end of one year, and that sum not having been paid at the expiration of the year, and the service having continued for several years,—Held, that the contract was renewed in all its parts from year to year, and, nothing being said to the contrary by either party, that twenty pounds was due for every year of the service.”
In Williams v. Byrne (7 Ad. & El. 177, decided on demurrer), the declaration stated that defendant promised plaintiff to employ him as reporter to a newspaper’, for a given salary, for one whole year from May 20, and so from, year to year to the end of each year commenced while the plaintiff should be so employed., reckoning each year to commence from May 20, for so long as plaintiff and defendant should respectively please. Breach, that after plaintiff had continued in the employment two years and a part of the third, defendant would not continue plaintiff in the employment to the end of the third year, but discharged him. Plea, that defendant offered to pay *228 plaintiff a sum of money larger than plaintiff would have been entitled to, if a reasonable notice of determining the agreement had been given, and required plaintiff to quit immediately, and, at the same time, gave him a reasonable notice of defendant’s intention, in case the tender was refused, to put an end to the agreement, to wit, at the end of three weeks from October 31, instant; that plaintiff refused to accept and quit, whereupon defendant discharged him at the expiration of the notice, and that defendant was still ready to pay the sum tendered. On demurrer, Held, that the contract, alleged in the declaration and confessed to by the plea, was determinable only by notice ending with a current year ; and, therefore, that the plea was ho answer” (see Beeston v. Collyer, 4 Bing. 309).
In the case at bar, the original letting was for the period of two years, at a yearly rate, payable monthly. The contract implied from the act of the parties was like the original one, saving the statute of frauds. The defendant having received rent after the termination of the agreed terms, elected to treat the plaintiff as a lessee for the further period of one year. It could end the implied contract only at the end of the year. Its notice given on March 21, was ineffectual to end the contract, and its removal of the plaintiff’s signs and denial of his continued right, constituted adrespass, for which the plaintiff had a right to recover such damages as, under the rules on that subject, he could show.
The complaint was improperly dismissed, and there should be a new trial, with costs to abide the event.