ALEXANDER McGREGOR vs. WILLIAM WAIT & others.

Admissions, made by a wife without her husband's knowledge, are not competent evidence of a way by prescription over land owned by them in her right.

Admissions of a son, residing with his parents and managing their estate, are not competent evidence against them of a right of way over it, without proof of the extent of his agency.

The silence of a tenant for life, when remarks are made in his presence in disparagement of his title, is no evidence against his remainderman.

A deed, under which a party to a suit claims title, being admitted by him on cross-examination to be in his possession, may be ordered to be produced and put in evidence, without calling the attesting witness.

ACTION OF TORT for breaking and entering the plaintiff's close in Ipswich, tearing down a wall and treading down the grass. Answer, a right of way over the premises from land adjoining.

At the trial in the court of common pleas, before *Bishop*, J., it appeared in evidence that the close described, with a dwelling-house thereon, was conveyed by Aaron Goodhue to Mary Hobbs, wife of Abraham Hobbs, in her own right, in 1816; and was occupied by her and her husband until 1847, when they conveyed it to the plaintiff; and that the defendants inherited from their mother, Betsey Wait, the land adjoining, with a dwelling-house thereon.

The defendants offered to introduce evidence that about 1817 or 1818 Mrs. Hobbs, while living with her husband upon the premises, came to Mrs. Wait, after the death of her husband, and asked leave to move a small shop upon a part of the space over which the defendants claimed a right of way; that Mrs. Wait gave her permission to do so, stating at the same time that, as there would be room enough left for teams to pass, she had no objection; and that the building was put there, and had remained there ever since. But there was no offer to show that Mr. Hobbs had any notice of such request.

The defendants also offered to prove that a son of Mr. and Mrs. Hobbs, while the principal agent of the estate, upon which his father and mother then lived, asked permission of Mrs. Wait, after the death of her husband, to put some fag-

ots upon the place over which the defendants claimed a right of way; and received permission from her to do so, upon the understanding that the fagots should remain there for a short time only. The judge excluded all the above evidence.

Evidence was introduced by the defendants, that the passage through which they claimed a right of way had been known as the " gangway ;" and Hannah Wait, one of the defendants, was permitted to testify that about forty years ago Abraham Hobbs placed a fence across this way, and Aaron Goodhue and some old men, neighbors of the parties, came, at the request of Mrs. Wait's husband, with him, to the place where said fence was erected; and " Goodhue asked Hobbs what he was up to; Hobbs replied that he was ' fencing up his well '; Goodhue then said, ' Mr. Hobbs, I have given you a privilege to the well and the gangway, to use the gangway peaceably with the other family,' and turned to the neighbors who were present, and asked them if they ever knew a fence to be placed where this one was erected; to which they replied in the negative; that stakes were then placed for a certain distance along the side of what the defendants claimed to be their way; that Hobbs was present during the whole interview, and made no reply to what was said, and no other remark than the one above stated, and that two or three days afterwards the fence was taken away."

The judge excluded this evidence of conversations; but permitted the evidence to go to the jury that stakes were driven down in a certain place described by the witness, and that a fence was built, and shortly afterwards taken down.

William Wait, one of the defendants, being examined as a witness in their behalf, and asked upon cross-examination whether he had in his possession any deed through which he claimed title, answered that it was in the possession of his counsel. The court then ordered the counsel to give the deed to this witness, and allowed it to be read in evidence, notwithstanding an objection that it must first be proved by the subscribing witness.

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*J. A. Gillis*, for the defendants. 1. Evidence of the request made by Mrs. Hobbs to Mrs. Wait should have been admitted, as the admission of a grantor of the plaintiff. A right by prescription proceeding on the presumption of a grant, it was not necessary to presume a grant from Hobbs and wife; it might have been made by their grantor; and although Mrs. Hobbs could not make a grant without her husband, she could admit the existence of a prior grant. *Gayetty* v. *Bethune*, 14 Mass. 49.

2. The request made by George Hobbs was admissible as a declaration of his parents, he being their agent in the management of the estate.

3. The statements of Goodhue were admissible, having been made upon the land in the presence of Hobbs, and in disparagement of Hobbs's title. *West Cambridge* v. *Lexington*, 2 Pick 536. *Doe* v. *Pettett*, 5 B. & Ald. 223. *Hyde* v. *County of Middlesex*, 2 Gray, 267. Hobbs's silence, when remarks were made in his presence which called for a reply, may be used as an admission. *Commonwealth* v. *Call*, 21 Pick. 515. *Boston & Worcester Railroad* v. *Dana*, 1 Gray, 83. *Commonwealth* v. *Harvey*, 1 Gray, 487.

4. The order to the defendants' counsel to produce the deed, without due notice previously given, was erroneous.

*O. P. Lord & S. B. Ives, Jr.*, for the plaintiff.

METCALF, J. 1. We are of opinion that the judge rightly declined to admit evidence that Mrs. Hobbs, without her husband's knowledge, applied to Mrs. Wait for leave to put a shop on a part of the ground over which the defendants claim a right of way. That evidence was offered for the purpose of proving a right of way over land owned in fee by Mrs. Hobbs, and of which her husband and herself were seised and possessed in her right. If it was admissible for this purpose, it must have been on the ground of her confessing or admitting that her land was subject to a servitude. Such a confession or admission, by her alone, would not bind either her, or her husband, or her heirs, or the plaintiff, who is the grantee of her husband and herself. It is certain that she could not have made a valid grant of a right of way. Being under coverture, she was not competent to make

a grant which would estop either herself or her heirs. And " to say that one may, by acts in the country, by admission, by concealment or silence, in effect do what could not be done by deed. would be practically to dispense with all the limitations the law has imposed upon the capacity of infants or married women to alienate their estates." *Lowell* v. *Daniels*, 2 Gray, 169.

2. Evidence of George Hobbs's application to Mrs. Wait, for leave to place fagots on the land over which a right of way is now claimed, had no legal tendency to prove such right, and was properly excluded. The nature and extent of his agency (if any) for his parents are not shown, and therefore his implied admission of a right of way cannot affect them or their grantee.

3. The statements made to Abraham Hobbs, by Goodhue and " the neighbors," are not to be taken as true, or as admitted by Hobbs, by reason of his silence. Besides; if Hobbs were held to have admitted Wait's right of way, that admission would be evidence against himself only. He was merely tenant for life, (his own life or that of his wife,) and could not affect the rights of other parties by any admission, or even by a grant, of a right of way over land so held by him. Gale & Whatley on Easements, Pt. I. *c.* 5, § 2. 3 Stark. Ev. (4th Amer. ed.) 1217, 1218. Peake Ev. (5th ed.) 318.

4. We are of opinion that William Wait was rightly required to produce the deed under which he made claim, and that it was rightly allowed to be read in evidence without calling the attesting witness. See *Jackson* v. *Allen*, 3 Stark. R. 74 ; *Pearce* v. *Hooper*, 3 Taunt. 60 ; *Doe* v. *Hemming*, 9 D. & R. 15 ; *Jackson* v. *Kingsley*, 17 Johns. 158.

*Exceptions overruled.*