## FOSTER *v.* THOMPSON.

In an action for the breach of the covenant of warranty contained in a conveyance of land, the measure of damages is the consideration received by the covenantor, and interest thereon for the time for which mesne profits can be recovered of the covenantee, with the costs of the suit attending the eviction.

DEBT, on a bond, submitted upon the following agreed statement of facts:

On the sixth day of June, 1809, John Thompson conveyed to Levi Hutchinson a tract of land in Pembroke, of about twenty-seven acres, for the sum of $315, by a deed containing the following covenants: "And I, the said John Thompson, and my heirs, executors and administrators, do hereby covenant, grant and agree, to and with the said Levi, and his heirs and assigns, that until the delivery hereof I am the lawful owner of the said premises, and seized and possessed thereof in my own right, in fee-simple, and have full power and lawful authority to grant and convey the same in manner aforesaid; that the said premises are free and clear of all and every incumbrance, and that I and my heirs, executors and administrators will warrant and defend the same against the lawful claims and demands of any person or persons whomsoever."

The title thus acquired by Hutchinson, by various intermediate conveyances, subsequently came to the plaintiff; and afterward, in 1848, E. Morrill and T. B. Martin brought a petition for partition of the land against the plaintiff, claiming each an individual share thereof, by titles adverse and prior to the title from Thompson aforesaid. Thereupon Alexander and William Thompson, sons of the said John Thompson, and heirs having estate from him, on account of their liability on the covenants in their father's deed as aforesaid, came in and assumed the defence of this plaintiff's title to the whole tract of land against said peti-

tion, and defence was made thereto, in this plaintiff's name, by them and on their account. During the pendency of those proceedings, this plaintiff, at their request, executed a release and discharge to them of their said liability on the covenants in their father's deed as aforesaid, and took the bond now in suit.

At the December term, 1857, Morrill and Martin recovered judgment on their petition for two fifth parts of the land, and the same was thereupon duly set off and assigned to them in severalty. They also recovered judgment for costs taxed at $407.88, which have been paid by the plaintiff. Subsequent to said judgment, Morrill commenced an action of trespass against the plaintiff for mesne profits of his share of the land, and recovered judgment for the same for the six years next preceding the commencement of said action, assessed at $37.50, and for costs taxed $18.06, which have been paid by these defendants.

The condition of the bond in suit, after recital of the conveyance from John Thompson to Hutchinson, and the release from this plaintiff as aforesaid, provides " that if the said Alexander and Charles, their and each of their executors and administrators, shall well and faithfully perform and make good to the said Foster, his executors, administrators and assigns, all the covenants contained in the aforesaid deed, in the same manner as the said Alexander and William would have been bound to do had not said release and discharge been made, and shall warrant and defend to the said Foster, his heirs, executors, administrators and assigns, the aforesaid tract of land against all lawful claims and demands of any person whomsoever, that existed at the time of the execution and delivery of said deed, and shall in all respects assume and perform all the liabilities of the said Alexander and William, growing out of said covenants and existing prior to the making of said release, then this obligation is to be void."

This action was brought to recover damages for the two

fifths of the land recovered by Morrill and Martin as aforesaid, and for the $407.88 of costs paid by the plaintiff as aforesaid.

The defendants claimed that the rule for the estimation of the damages should be, two fifths of the consideration of the conveyance from John Thompson to Hutchinson as aforesaid, with interest thereon for such time as the plaintiff would be liable for mesne profits; and these defendants having paid Morrill the mesne profits recovered by him as aforesaid, there should be no interest on his fifth. The plaintiff claimed the value of the land as the rule of damages.

The bond before mentioned had been assigned by the said Foster to Morrill and Martin as collateral security, and this action was brought for their benefit.

*Minot & Mugridge*, for the plaintiff.

1. The proper measure of damages in this case is the value of the land. One of the conditions of the defendants' bond is, that they "shall warrant and defend to the said Foster, &c., the aforesaid tract of land against all lawful claims and demands of any persons whomsoever, that existed at the time of the execution and delivery of said deed," &c. If the rule of damages were as the defendants claim, in case of a breach of such a covenant in a deed between buyer and seller, yet it does not apply to the case of such a condition in a bond, like this, between parties not standing in that relation to each other. There was no price paid, between the parties, by which to make an estimate.

2. But even in case of a breach of such a covenant in a deed between buyer and seller, the proper principle for the estimation of the damages is the price paid, with interest from the time of the purchase. *Smith* v. *Strong*, 14 Pick. 128, and cases cited; *Byrnes* v. *Rich*, 5 Gray 518; *Baxter* v. *Bradbury*, 20 Me. 260; *Parker* v. *Brown*, 15 N. H. 176;

*Willson* v. *Willson*, 25 N. H. 229; *Drew* v. *Towle*, 30 N. H. 531; *Nutting* v. *Herbert*, 35 N. H. 120. It is true that in some cases it is suggested that the interest might be restricted to the time for which the grantee would be liable for mesne profits. See *Ela* v. *Card*, 2 N. H. 178; 4 Kent Com. 475. But such a rule does not seem reasonable or just. With the legal construction formerly given to the covenants in a deed of warranty (see *Willard* v. *Twichell*, 1 N. H. 177), there would be some reason for such a rule. But that construction has since been overruled. *Parker* v. *Brown*, 15 N. H. 176. Under this decision, in case the grantor is not the legal owner of the premises, there is an immediate breach of the covenants, and the grantee is at once entitled to recover back the consideration paid. This can only be on the ground that nothing passes by the deed. See opinion of the court in *Willson* v. *Willson*, 25 N. H. 234. But upon this ground the grantee should have interest from the time of the purchase. Though he may have had possession of the premises, yet it was by no right of his grantor. And the limitation of the real owner's right to recover of the grantee for mesne profits arises from no consideration from the grantor, but from the statute of limitations, entirely independent of him. The rule suggested would operate unequally. Suppose, instead of paying the price at the time of the purchase, the grantee should give his note for the amount on interest. In a suit brought for collection of the note, more than six years after the time of the purchase, it would be competent for the grantee to show an entire failure of the title as a full defence. Nor would it be sufficient for the grantor to show that the grantee had had possession for more time than he would be liable to the real owner for mesne profits. In such a case the grantee would save the interest for the whole time since the purchase. But under the rule suggested, under precisely the same circumstances, if he had paid the amount at the time of the purchase, he would, in

a suit for the recovery of it back, lose the interest for all the time over six years. Again, in cases of incumbrances not amounting to an indefeasible title, the measure of damages may extend to the whole consideration paid, with interest from the time of the purchase. In such cases there is no regard to the limit of liability for mesne profits: consequently, under this rule a grantor might, in a given case, be liable for less, in case of an entire failure of his title, than in case of a mere incumbrance upon it. As a rule of compensation for damages, it would be inadequate and unjust. The mesne profits for the last six years would be regulated by the present value of the premises, but the interest might be, as in this case, on the price paid more than half a century since. On the other hand, the mesne profits might be very little—as, for instance, on growing woodlands with which there had been no actual interference by the grantee—while the interest on the price might be great. It would also be uncertain. In one case the grantee might not at all interfere with the premises, and so be liable for very little if any mesne profits; and in another, under precisely the same circumstances, the grantee might interfere, and thus be liable for more. Yet in both cases the grantor would be liable for the same equal measure of damages, six per cent interest on the price. Again, in one case the mesne profits might be limited to the period of six years, and yet, in another, extend to a much greater period, on account of some disability of the real owner, as infancy, coverture, &c., or perhaps such a promise by the grantee to pay as would relieve from the operation of the statutes. The principle we have stated above is fully recognized also in *Morse* v. *Shattuck,* 4 N. H. 229. In that case the purchase was made many years before the commencement of the action. But the decision was that the grantee was entitled to recover the price paid, with interest, without any limitation as to time of liability for mesne profits, or regard to them.

*Perley*, for the defendants.

1. The bond was substituted for such covenants in the deed as were discharged by Foster's release, and the defendants are liable on the bond to the same extent as the heirs were liable to Foster on those covenants of their ancestor. This intention is plainly expressed in the language of the condition, and is also apparent from the nature of the transaction, inasmuch as there was no consideration for the bond except the release of those covenants. Breaches of the covenants, which occurred before Foster's title accrued, were not discharged by his release. The action for those breaches belongs to other parties, and he can only recover on the bond his legal damages for breach of the covenants which occurred while he held the title.

2. The covenants of seizin, title, and right to convey were broken immediately at the making of the deed; the action for the breach of those covenants does not go to the assignee, and therefore Foster could have maintained no action on them, and consequently can recover nothing for the breach of them in this suit. *Bickford* v. *Page*, 2 Mass. 455; *Martin* v. *Hobbs*, 2 Mass. 438; *Twamley* v. *Henley*, 4 Mass. 441; *Bartholomew* v. *Candee*, 14 Pick. 167; *Haynes* v. *Stevens*, 11 N. H. 35; 4 Kent Com. 471. There was no breach of the covenants on which the plaintiff could have maintained an action till he was evicted in Morrill's suit against him. The consideration money and interest for the time while the plaintiff is liable for mesne profits, is the extent to which damages can be given. Where the covenant is broken at the date of the deed, as where the breach is of the covenant of seizin, or right to convey, there the action is between the original parties, and interest may in some cases be recovered from the date of the deed, which is the same with the date of the breach. In some jurisdictions, if the grantor has such seizin that his deed operates to transfer a seizin to the grantee, the covenant of seizin and right to convey is not broken, though

there is a paramount title; *Twamley* v. *Henley*, 4 Mass. 441; *Kortz* v. *Carpenter*, 5 Johns. 120; and in case of recovery for the breach of such covenants, the plaintiff has never been in possession, and interest is of course recoverable from the date of the deed, or the breach, which is the same; as in *Smith* v. *Strong*, 14 Pick. 128, and *Byrnes* v. *Rich*, 5 Gray 518. But where the action is for breach of the covenant to warrant and defend, as in the present case, or for quiet enjoyment, and the plaintiff has been in possession of the land down to the time of the breach, the rule of damages is the consideration paid, and interest to counterbalance the claim for mesne profits; and if a statute of limitations prevent a recovery for more than a certain number of years back, interest will be allowed for no longer time. Rawle on Cov. 117; 4 Kent Com. 475; *Staats* v. *Ten Eyck*, 3 Caines 111; *Bennett* v. *Jenkins*, 13 Johns. 50; *Clark* v. *Parr*, 14 Ohio 118; *Combs* v. *Tarlton*, 2 Dana 467; *Kyle* v. *Fountleroy*, 9 B. Mon. 620; *Thompson* v. *Jones*, 1 B. Mon. 365; *Fernander* v. *Dunn*, 19 Geo. 497. It is believed that no one of the cases cited for the plaintiff will be found, on examination, to be in conflict with this rule; and that no case can be found in which it has been decided that where the plaintiff was in possession and enjoyment of the land, he could recover interest for a longer time than he was liable for the mesne profits.

DOE, J.* The liability of the defendants is the same as if the action were brought against them as heirs of John Thompson, upon the covenants in his deed to Hutchinson. *Simons* v. *Moore*, 3 B. & Ad. 175; *Browning* v. *Wright*, 2 B. & P. 13; *Rich* v. *Lord*, 18 Pick. 322; *Jackson* v. *Stackpole*, 1 Cow. 122.

It was decided in *Willson* v. *Willson*, 25 N. H. 229, that in an action for the breach of the covenant of warranty,

* FOWLER, J., did not sit.

Richardson *v.* Pickering.

the damages are the amount of the consideration and interest, with the costs of the suit attending the eviction. We think the rule of damages, as to the time for which interest is to be reckoned, is the one claimed by the defendants. The profits of the land may be more or less than the interest of the money, and the real owner may or may not demand the mesne profits. And, on account of these uncertainties, it is impossible to establish a rule that would operate with perfect equity in all cases. But the rule which is most reasonable, and which will generally work the least injustice, seems to be founded upon the presumption that the profits and interest are equal, and that mesne profits will be recovered by the owner. Rawle on Cov. (ed. 1860) 93, *et seq.*, and cases there cited.

The plaintiff is entitled to judgment for two fifths of the consideration of the conveyance from John Thompson to Hutchinson, with interest thereon for six years, deducting the amount paid by the defendants to Morrill as mesne profits, and also for the costs recovered by Morrill and Martin on their petition for partition.

*Judgment for the plaintiff.*