By the Court.—Van Vorst, J.
—The order from which this appeal is taken, recites that the papers read on the motion to set aside the release, were the petition of the defendant’s attorney, notice of motion, and the affidavit of John S. Woodford. We must be confined in considering this appeal to those papers.
If other papers were in fact used on the motion, not mentioned in the order, before appealing the defendant should have applied to have the order in that respect amended.
But in the form in which the matter comes before us, we are to assume that the order correctly states the papers used on the motion.
There is no allegation that the defendant was induced by any fraudulent practice or artifice to execute this release.
In the absence of such allegations the presumption is that it was voluntarily executed, and that it was for the defendant’s advantage to receive the sum of $100 *143 at the time in advance, and in full, of all alimony to which she might at any time become entitled, under the order of May 13, 1876.
At the time this money was paid a small amount of alimony onl'y had accrued. It might be that from death, or other legal cause, thereafter arising, the defendant’s claim might suddenly terminate. The allowance was only temporary, and it might be that on final judgment she would not be entitled to it.
It was competent for her to agree to take a gross sum in lieu of all claims for alimony under the order.
As there is no fact to impeach the honesty or good faith of the transaction, the judge before whom the order appealed from was made, was justified in refusing to set the release aside.
A further construction of the release may, however, raise the question whether or not anything was released except alimony provided for in. the original order.
The rule indicated in Jackson v. Stockton (1 Cow. 122), that the portion of the release in respect to “ expenses in the action,” is qualified by the recital with respect to “alimony,” in the former part of the release.
The order appealed from is affirmed without costs, and without prejudice to the defendant’s right to apply by motion for the payment of such expenses in the action as she may be entitled to, in order that she may bring the action to a close.
Curtis, Ch. J., and Freedman, J., concurred.