(17 Misc. Rep. 378)

LAZARUS et al. v. LUDWIG.

(Supreme Court, Appellate Term, First Department. June 22, 1896.)

APPEAL—ISSUES NOT RAISED BELOW.

 Where petitioner in a summary proceeding for possession of real estate insisted at the trial that the lease was written, and that a certain paper offered in evidence was the lease in question, and disclaimed any oral lease, and the petition was dismissed, on the ground that the lease as alleged in the petition was not established by the evidence, he cannot, on appeal, contend that the petition was founded on an oral lease.

Appeal from Third district court.

Summary proceedings by Sarah Lazarus and others against Bernhard J. Ludwig to recover possession of real property. There was a final order in favor of defendant, and plaintiffs appeal. Affirmed.

Argued before McADAM and BISCHOFF, JJ.

Nelson S. Spencer, for appellants.

William Strauss, for respondent.

BISCHOFF, J. The proceeding was to recover the possession of the premises known as "No. 36 West Fourteenth Street," in the city of New York, for the alleged expiration of the term on May 1, 1896. It was alleged in the petition that the petitioners were the landlords of the premises; that on or about June 13, 1895, they let and rented the premises to the respondent for the term of one month, commencing June 1, 1895, and by the month, and from month to month thereafter, either party to the lease to be at liberty to terminate it by a written notice of such an intention to be given to the other at least five days before the last day of any month. It was further alleged that the respondent entered into occupation of the premises under such lease; that the notice required in the case of a monthly tenancy (chapter 357, Laws 1889) was duly given; that the petitioners had terminated the lease by service upon the respondent of a written notice of their intention to such effect more than five days before the last day of April, 1896; and that the respondent continued in possession of the premises without the petitioners' consent. The answer admitted the petitioners to be the landlords of the premises, and that the respondent was and continued in possession. All other allegations of the petition were denied. From documentary evidence it appeared at the trial that Frank Lazarus, one of the petitioners, was the authorized agent of his co-petitioners to let the premises, to collect the rents thereof, and to prosecute any suit or proceeding to recover possession; and from record evidence, that on June 18, 1895, the petitioners had judgment, by final order, against the respondent, in proceedings to recover possession of the same premises for nonpayment of the rent accrued under a then existing lease, and that such lease was canceled by the issuance of a warrant to enforce the judgment or final order on the same day. Code Civ. Proc. § 2253. No question arises upon this appeal with regard to the fact of service or the sufficiency of the several notices alluded to in the petition. To further substantiate the allegations of the petition,

Nelson S. Spencer testified that he was the attorney for the petitioners in the proceedings last above alluded to, and that at or about the time of the recovery of such judgment or final order therein he, in behalf of his clients, orally agreed with Edward A. Acker, the attorney for the respondent in the same proceedings, who assumed to act in that regard for his client, that the respondent should remain in possession of the premises under a letting, upon the terms stated in the petition herein, at a monthly rental of $750, to be paid in advance on the 1st day of each and every month. Mr. Spencer further testified that the terms of such oral agreement were reduced to writing in duplicate; one copy, signed by Frank Lazarus in behalf of himself and of his co-landlords, having been delivered to Mr. Acker in exchange for the other, which was offered in evidence for the petitioners, and excluded by the justice upon the respondent's objection. From Mr. Lazarus' testimony as a witness for the petitioners it appeared that the monthly rental at the rate mentioned in such oral agreement was regularly paid to him by the respondent down to and including the month of April, 1896. On motion of the respondent's counsel, when the petitioners rested, the trial justice dismissed the proceedings upon the ground that no lease, as alleged in the petition, had been established by the evidence. Upon this appeal counsel for the petitioners urges that the petition was not founded upon a written lease, and that, assuming Mr. Acker to have been without authority at the time and for the purpose of concluding the respondent by the oral agreement hereinbefore alluded to, a ratification by the respondent of such oral agreement was apparent from the admissions in the petition and answer, taken with the facts in evidence. A sufficient answer thereto is that such was not the petitioners' attitude upon the trial, counsel for the petitioners then having, in response to the court's query, disavowed any oral lease, and having further, throughout the trial, maintained that the lease mentioned in the petition was in writing, and persistently offered the paper excluded as being the lease. Such attitude must be adhered to for the purposes of the appeal. Fay v. Muhlker, 1 Misc. Rep. 321, 323, 20 N. Y. Supp. 671, and cases there collated; Bigelow, Estop. p. 578, c. 20; 7 Am. & Eng. Enc. Law, 22.

It remains to notice the exceptions taken to the justice's exclusion of the paper offered for the petitioners as the lease; and it is not now necessary to discuss the admissibility of the paper as part of the res gestæ in connection with an oral lease (Smith v. Railroad Co., 4 Abb. Dec. 262), since, as already said, such a lease was disclaimed. The paper excluded purported to have been executed by Morris J. Ludwig for, and to have been attested as subscribing witness by, Mr. Acker, "as to Bernhard J. Ludwig," the respondent; and upon scrutiny of the proceedings upon the trial we are unable to find that any attempt was made to prove the execution of the paper by Morris J. Ludwig, or that the latter had authority from the respondent to execute the paper in his behalf. For both or either of such omissions, therefore, the paper must be held to have been properly excluded. Obviously the fact alone that Mor-

ris J. Ludwig was the respondent's partner did not authorize the former to conclude the latter by an agreement assumed to be in his behalf as an individual, and, failing of proof of sufficient author- ity to conclude the respondent, a paper executed by Morris J. Lud- wig, ostensibly for the respondent, was inadmissible in evidence against the latter. The case before us is not one where the instru- ment offered in evidence was produced from the custody of the party in possession of the property thereby affected, and who claims an interest under it. Jackson v. Kingsley, 17 Johns. 158. The judgment or order appealed from is for a nonsuit, and so does not bar another proceeding.

Judgment or order appealed from affirmed, with costs.