(18 Misc. Rep. 474.)

## LAZARUS et al. v. LUDWIG.

(Supreme Court, Appellate Term, First Department. November 25, 1896.)

1. JUDGMENT—INCOMPLETE RECORD—RES JUDICATA.
    An order which dismisses the petition in summary proceedings, but fails to show whether the tenant's affirmative defense or the landlord's failure of proof caused the dismissal, is not, in the absence of evidence on that point, a bar to another proceeding by the landlord to recover the premises.
2. SUMMARY PROCEEDING—EVIDENCE—INVALID LEASE.
    Evidence of a lease made in behalf of defendant by an alleged agent is admissible in explanation of the possession of premises by defendant, where plaintiff admits the invalidity of the lease, and seeks to recover possession of the premises.

Appeal from Third district court.

Summary proceedings by Sarah Lazarus and others against Bernard J. Ludwig. There was a final order in favor of petitioners, and defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

William Strauss, for appellant.

Nelson S. Spencer, for respondents.

BISCHOFF, J. This appeal challenges the correctness of a final order in summary proceedings made in favor of the landlords, petitioners, for the possession of the premises No. 36 West Fourteenth street, in this city, the proceedings in question being the third of a series instituted since May 1, 1896, by the landlords, and the two preceding having resulted in the dismissal of the respective petitions.

From an examination of the record we conclude that the order before us should be affirmed, but, in order to a statement of our views, it becomes expedient to review the facts touching the relations of these parties as landlords and tenant.

In November, 1885, the appellant, as tenant, entered into an agreement of lease to expire May 1, 1895, and held possession of the premises in question by the force of that agreement until the relation of landlord and tenant existing thereunder was terminated by a warrant in summary proceedings of date June 18, 1895. Code Civ. Proc. § 2253. Still remaining in possession, his occupancy was sought to be terminated by the landlords by summary proceedings instituted May 2, 1896, based upon a notice to quit, given five days before the 1st day of May, the petition of the landlords alleging a tenancy from month to month by agreement made on or about June 1, 1895, terminable at the election of either party upon such notice. In that

proceeding the landlords sought to substantiate their allegations solely through proof of a written lease executed by one Morris J. Ludwig on behalf of the tenant, and dated June 1, 1895, but the paper was excluded, when offered in evidence, for failure of proof that the subscribing party had authority to bind the tenant, and the petition was dismissed, the dismissal or nonsuit being thereafter sustained upon an appeal to this court. Lazarus v. Ludwig, 17 Misc. Rep. 378, 40 N. Y. Supp. 97. On May 15, 1896, these landlords again brought proceedings for the dispossession of the tenant upon substantially the same allegations as those contained in the former petition, basing their claim of the tenant's holding over not upon the written purported lease, but upon an oral agreement, embodying the same terms, entered into with one Acker, in the month of June, 1895, the paper writing being relied upon only as corroborative evidence in the nature of a memorandum, admissible as a part of the res gestæ. Testimony in support of this oral lease was given at the trial, but was afterwards stricken out, and the paper writing was excluded, all upon the ground that there was no proof to connect the tenant with the acts of this assumed agent, and the petition was dismissed. In this second proceeding the tenant testified to an oral agreement of letting, made by him directly with the landlords, whereby his tenancy was to subsist pending the settlement of certain disputes existing between such landlords and their lessors of the premises; and, since it appeared that these disputes had not been settled, his claim was that he was still properly in possession by agreement. The justice, in his ruling dismissing the petition, may or may not have found favorably to the contention of the tenant in this regard, since the result necessarily followed from the absence of proof in support of the petition, after all evidence given to show the existence of the lease alleged by the landlords had been stricken out or excluded. From the dismissal of this second petition the landlords took an appeal to this court, and we have held the appeal to be well taken for error in the exclusion of certain of their evidence (see Lazarus v. Ludwig, 41 N. Y. Supp. 997, handed down herewith); but the record of that proceeding, in so far as it formed a portion of the evidence upon the trial of the issues now under review, must needs have been accorded its full effect at that time, although the order has since been reversed. The present proceeding was instituted July 30, 1896, and was founded upon a petition setting forth the fact that the landlords had entered into an assumed lease with Acker as agent for the tenant, and that such lease had been adjudged void, in effect, by a final order favorable to the tenant, made in summary proceedings based upon it; that the tenant had been in possession of the premises since June, 1895, under and by virtue of no agreement providing for the duration of the term; and that the letting was terminated by operation of law on May 1, 1896, after which date the tenant held over. The justice has found for the landlords upon the issues presented, and it is conceded that the finding was based upon the statute relating to tenancies, without agreement as to duration, in the city of New York, which are thereby terminated upon the 1st day of May succeeding. 2 Rev. St. (Banks Bros., 9th Ed.) p. 1818, § 1. We think

that the final order is unassailable upon the record, and proceed to discuss the points raised by the tenant, appellant.

The record of the proceeding of May 15, 1896, was placed in evidence by the tenant in this proceeding, and made a part of the evidence upon the trial; and a dismissal of the petition was moved upon the ground that the issues had been adjudicated favorably to the tenant, the final order thus resulting being a bar to the present proceeding. It was ruled otherwise, and correctly, beyond question. The adjudication of the final order in question was that the landlords had failed to establish their petition by proof, and the present proceeding was brought, not in opposition to, but in direct recognition of, that adjudication. It was adjudged that they had shown no lease, and, acquiescing, they proceeded upon an invocation of the statute applicable to cases where there was occupation and payment of rent, but no agreement particularly specifying the duration of the term. Nor could the adjudication be held to have concluded the issues favorably to the tenant's claim that there was a lease, but differing in terms from that alleged by the landlords in their petition. True, the issue as to that lease had been litigated, but its determination was not essential to the result reached, nor necessarily incidental to it; and from the record of the adjudication nothing appears from which it might be gathered that the tenant's affirmative defense, rather than the landlords' failure of proof, brought about the result, which was merely a dismissal of the petition. As was said in Lewis v. Pier Co., 125 N. Y. 348, 26 N. E. 301,—a case very similar upon the facts:

"Where a judgment may have proceeded upon either of any two or more different and distinct facts, the party desiring to avail himself of the judgment as conclusive evidence upon some particular fact must show affirmatively that it went upon that fact, or else the question is open for a new contention."

See, also, Towns v. Nims, 20 Am. Dec. 578; Russell v. Place, 94 U. S. 606.

Failing proof, inherent or extrinsic, as to the ground upon which this adjudication proceeded, it could not be conclusive upon the fact that the lease was as the tenant claimed, and the matter was still one for litigation.

The appellant next assigns error to the admission of testimony, adduced on behalf of the landlords, as to the oral lease entered into by them with Acker on or about June 1, 1895, and to the reception in evidence of the purported written agreement signed by Morris J. Ludwig. This last was admitted to the record, not as a lease, but in support of the allegations of the petition "as to the occupancy of the tenant," and the evidence of Acker's acts was received under objections which went to the authority of the agent, and to the materiality and relevancy of the testimony. To prove a lease with the tenant, this evidence could not properly have been received, since, under the allegations of the petition, and by the force of the prior adjudication as conceded by the landlords, there was no such lease; but, in explanation of the possession by the tenant, proof of an assumed lease, of an understanding that there was a lease, but in fact no lease, was relevant and material to the issues raised by the pe-

tition and answer, since the latter set up an existing lease, and the landlords' reliance was placed upon the statute invoked because of the failure of the agreement presumed to exist according to their contention. In this aspect, proof of Acker's authority, express or implied, original or by ratification, was not a material matter. Granting the absence of authority, the question was one only of the landlords' assumption of a fact, not of the existence of a contract, because admittedly there was none. Finally, the case resolves itself into one of fact upon a conflict of evidence relative to the tenant's claim that there was a subsisting oral agreement for a tenancy to endure pending the determination of the landlords' dispute with certain third parties, which determination had not been reached at the time when the proceeding was commenced. Any such agreement was denied by the landlords and the justice resolved the point in their favor upon satisfactory evidence. We find no reason for disturbing his conclusion in this regard upon the facts, nor with the disposal of the case upon the resulting situation of the parties, since the landlords' explanation of the tenant's possession without an enforceable agreement of lease was acceptably within the probabilities of the case, and the preponderance of the evidence was not contrary to the finding that the statute, and not any contract between the parties, controlled their relations, and terminated the tenancy upon the 1st day of May, 1896. Final order affirmed, with costs. All concur.