(18 Misc. Rep. 481.)

LAZARUS et al. v. LUDWIG et al.

(Supreme Court, Appellate Term, First Department. November 25, 1896.)

LANDLORD AND TENANT—EVIDENCE OF ORAL LEASE—RES GESTÆ.

Evidence that an attorney had entered into an oral lease in behalf of his client as lessee, and that a memorandum embodying its terms was signed by a third person in behalf of the lessee, and witnessed by the attorney, and that the lessee knew of the lease, and paid the rent reserved, though he claimed to hold under another agreement at a different rent, is sufficient to admit the memorandum in evidence as part of the res gestæ in regard to the oral lease, though there is no direct evidence that the attorney was authorized to make it.

Appeal from Third district court.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Nelson S. Spencer, for appellants.

William Strauss, for respondents.

BISCHOFF, J. The petitioners, as landlords, instituted this proceeding to dispossess the respondent and his under-tenants from the premises No. 36 West Fourteenth street, alleging that the latter held over after the termination of the lease under which the premises were demised, which the landlords claimed provided for a monthly letting, terminable at their election. The lease relied upon by the landlords was claimed to have been entered into by the tenant through one Acker, as his agent; and the present proceeding was based upon the same allegations, but not upon the same proofs, as those which formed the foundation of the prior proceeding, resolved in favor of the tenant, with the approval of this court, upon the landlords' appeal (Lazarus v. Ludwig, 17 Misc. Rep. 378, 40 N. Y. Supp. 97), the justice having dismissed the petition for failure of proof that this monthly lease was entered into on behalf of the tenant by any one authorized to bind him in the transaction; the landlords having then relied upon an alleged written lease, purporting to have been signed for the tenant by one Morris J. Ludwig. At the trial of the issues raised by the petition and answer in the proceeding now under review considerable testimony was given on behalf of the landlords in support of the fact that Acker had entered into a lease, such as contended for by them, orally, and that a paper writing, embodying its terms, had been subscribed for the tenant by Morris J. Ludwig, witnessed by Acker, at the time of this alleged oral agreement. This paper was offered in evidence several times during the trial, as being a part of the res gestæ with regard to the oral lease; not as the lease itself, since Morris J. Ludwig had no apparent power to bind the tenant; but the paper was excluded, and afterwards all evidence as to the oral lease with Acker was stricken from the record upon the ground that there was no evidence in support of Acker's authority to make the agreement for the tenant defendant. We think that the exclusion of this paper was erroneous,

since it was inferable from the facts in evidence that this authority existed in Acker to a sufficient degree to furnish foundation for the admission of the paper as part of the res gestæ, the issue arising to depend ultimately upon the preponderance of the proof. Smith v. Railroad Co., 4 Abb. Dec. 262. The tenant had been in possession of these premises since the year 1885 under a lease which was terminated by a warrant in dispossess proceedings, issued June 18, 1895, and the terms of his tenancy since that date furnished matter of dispute in this proceeding. The landlords' contention was that this agreement with Acker was made about the time when the tenant's original lease was thus terminated, and that such lease called for the payment of $750 monthly rent. It is undisputed that the tenant paid the sum of $750 monthly as rent from June, 1895, to May, 1896, and that at least in February, 1896, he had actual knowledge of this purported lease as made with Acker. No written agreement with the landlords, expressing terms of letting contrary to those alleged in the petition, appears to have had existence; and while the tenant's testimony was that he held under a verbal agreement with the landlords, with terms differing from those alleged by the latter, his evidence was by no means conclusive of the matters in controversy. It is true that there was no direct evidence of authority in Acker to make a lease for the tenant, but he was not a stranger to the questions arising between the parties, being the tenant's attorney at law in the proceedings had prior to June, 1895. As attorney at law, solely, his agency was not established in this particular transaction; but since, apart from the tenant's testimony, no agreement of letting after June, 1895, was shown, and it appearing that the tenant remained in possession, paid the amount of rent reserved in the alleged lease, and continued to pay it after he admittedly had knowledge of Acker's act, we think that there was sufficient inference to be drawn of Acker's original authority to support proof of his actions in the matter, and so of the written agreement or memorandum offered in support of the fact that an agreement had been made, as part of the res gestæ. The final order, as made, was for a dismissal of the proceedings, and this necessarily resulted from the state of the record when all proof in support of the lease alleged in the petition was stricken out or excluded. It by no means appears that the order was based upon the tenant's evidence of an agreement for letting to endure pending the settlement of certain disputes existing between the landlords and their immediate lessors of the premises. True, the justice might have so found, or, again, he might have been satisfied that there was no express agreement as to the endurance of the tenancy, and that it was, therefore, to endure, by force of statute, until the 1st day of May, succeeding. 2 Rev. St. (9th Ed.) p. 1818, § 1. Upon either of the last two theories mentioned the finding would still have been adverse to the landlords, but they were entitled to a consideration of the facts surrounding the making of the lease alleged in their petition, since there was sufficient proof, furnished by inference to be drawn from the circumstances, that the assumed agent making such lease had authority to make it to support evidence of the facts of the transaction. Upon

all the proof the justice might still have found in favor of the tenant; but the landlords' evidence should have been considered, and, had it been, we cannot say that the result of the proceeding would not have been favorable to them. Without that evidence, the only possible conclusion was that resulting in the order appealed from, and the error was necessarily prejudicial.

Final order reversed, and new trial granted, with costs to abide event. All concur.