*New-Haven,*
November,
1816.

Tryon
*v.*
Hart.

---

**TRYON** and another *against* **HART** :

**IN ERROR.**

In a suit
brought by
*A.* against
*B.* and *C.*
on their
joint prom-
issory note,
the defend-
ants pleaded
in bar a wri-
ting execu-
ted by *A.*,
subsequent-
ly to the
date of the
note,
acknowl-
edging that
he had re-
ceived of *B.*
a certain
other prom-
issory note
secured by
mortgage,
and decla-
ring that
this note,
when paid,
would be in
full of all
demands :
held, that
such wri-
ting was
no release of the note in suit.

THIS was an action, in common form, on a promissory note, executed jointly by *Edward Tryon* and *Richard Try-on*, on the 18th of *June* 1813, for 152 dollars 22 cents, payable in one year from date, with interest. The defend-ants pleaded in bar, " that after the making of the promise and undertaking in the plaintiff's declaration mentioned, and before the date and impetration of the plaintiff's writ, *viz.* on the 22d day of *November* 1813, at *Saybrook*, the plaintiff, by his certain writing of release, under his hand well execu-ted, and for the consideration of 480 dollars, in a promissory note then and there given by the said *Edward Tryon*, and a mortgage of his real estate as collateral thereto, did release and forever quit-claim to the defendants the said promise and undertaking in the said declaration mentioned, and all sums of money then due and owing thereon, and all demands whatsoever against the said *Edward Tryon*, when the said promissory note last mentioned should be paid, as by the said release, in the words and manner following, will ap-pear, *viz.*

" *Saybrook*, 22d of *November*, 1813.

" Received of Mr. *Edward Tryon* a mortgage deed for 480 dollars, which is predicated on a note of hand, dated

1st of *October* 1813, for 480 dollars, payable in two years from date, which, when paid, is in full of all demands of *Elisha Hart* and *Hart & Sheffield.*

*New-Haven,* November, 1816.

Tryon *v.* Hart.

*Elisha Hart.*

*Hart & Sheffield."*

The plea then averred, that before the date and impetration of the plaintiff's writ, the defendants paid the sum specified in the note mentioned in said release, with the lawful interest.

To this plea there was a demurrer ; and the court adjudged the plea insufficient. To reverse that judgment the present writ of error was brought.

*Sherman* and *L. H. Clarke,* for the plaintiffs in error, contended, 1. That the words of the release must be so construed as to have *some effect ;* that it was clearly against the intention of the parties to discharge *the note recited,* for the very object of mentioning it was to exclude it from the general operation of the discharge ; that it was absurd to suppose that they meant only to declare the future effect of paying that note ; and that, of course, the general words of the release were unrestrained by the recital, and must operate upon the note in suit. *Litt. sect.* 508. They observed further, that in this case, there was no recital of the *subject matter* of the release, but only of the *consideration* on which the release was executed. They then contended,

2. That a release to one of two joint obligors, is a release to both. *Bac. Abr.* Release, (G.)

*C. Whittelsey,* for the defendant in error, contended, 1. That where there is a particular recital in a deed of release, and then general words follow, the latter shall be restrained by the former. 2 *Roll. Abr.* 409. (A.) *pl.* 3. *Bac. Abr.* Release, (K.) *Knight & al.* v. *Cole & ux.* 3 *Mod.* 277. S. C. *Carth.* 118. S. C. 1 *Show.* 150. *Thorpe* v. *Thorpe,* 1 *Ld. Raym.* 235. *Butcher* v. *Butcher,* 1 *New Rep.* 113. *Lyman* v. *Clark & al.* 9 *Mass. Rep.* 235.

2. That although where there are two or more obligors, and the obligee releases one from *that obligation,* it discharges all ; yet no case goes so far as to decide, that if there be a joint obligation, and a *general* release of claims against one, such release discharges the joint obligation.

3. That at any rate, the plea is bad, because the note therein stated is alleged to have been given on the 22d of *November* 1813, whereas the note mentioned in the release was dated 1st of *October* 1813.

SWIFT, Ch. J. It is a well established rule, that where there are general words, all alone in a release, they shall be taken most strongly against the releasor ; but where there is a particular recital, and then general words follow, the general words shall be qualified by the particular recital. 5 *Bac. Abr.* 710. (*Wils.* edit.)   As where there was a release of an equity of redemption, and of all actions and demands, it was holden that the equity of redemption only was released. *Thorpe* v. *Thorpe*, 1 *Ld. Raym.* 235.  This construction must have been founded on the presumption that such was the intent of the parties ; for though the general words would comprehend all demands, yet the particular recital shewed that nothing else was contemplated by the parties. This rule, when simplified, amounts to this, that with respect to a release, we are not bound to give a construction according to the literal import of the words, when such construction would contravene the manifest intent and object of the parties ; and this results from the great rule, that contracts are to be construed according to the intent of the parties.

This note is dated the 18th day of *June* 1813, payable in one year, and is executed by *Edward* and *Richard Tryon.* On the 1st of *October* 1813, *Edward Tryon* gave a note to *Elisha Hart,* for 480 dollars, payable in two years.   At this time, both these notes must have been valid ; and there is no allegation that the note in suit was included in the last note. On the 22d of *November* 1813, *Edward Tryon* executed a mortgage deed to *Elisha Hart* to secure the note for 480 dollars, and *Hart* gave him a writing acknowledging it, and declaring that the note, when paid, would be in full of all demands.

It appears, then, at the time of giving the receipt set forth in the plea in bar, there were two valid notes, which had been previously given, of different dates, payable at different times, and against different parties, and that nothing was then done but to execute a mortgage deed to secure one of them, and to give the receipt in question.   Under these cir-

New-Haven,
November,
1816.

Tryon
v.
Hart.

cumstances, it can never be presumed, or supposed, to have been the understanding and meaning of the parties, that the taking of the mortgage deed as a collateral security for one of these notes, should operate as a consideration for the discharge of the other. This would be the most preposterous thing imaginable. If, then, the general words made use of, would release the note in suit, on a literal construction; yet such construction ought not to be given, because it would be against the plain intent of the parties.

But I apprehend, on a just construction of the writing itself, it does not amount to a release; for there is no consideration to give it that effect. The only consideration expressed, is the reception of a mortgage deed predicated on a certain note. This could be no ground for a discharge of *all demands;* nor is it so expressed; nor is it expressed, that the note itself was received in full of all demands. The writing contains no words which express or imply a release. It is no more than a written declaration or acknowledgment, made subsequent to the giving of the note, that when paid, it would be in full of all demands. It cannot, therefore, be pleaded as a release; but the defendant might have alleged, that at the time of giving the note, the parties came to a settlement of all demands, and that the note for 480 dollars, was given for the balance due in full of all demands; and then this writing would have been proper evidence as an acknowledgment of the fact by the plaintiff. In such case, however, it would not have been conclusive evidence; but it would have been competent for the plaintiff to have shewn, that the note in suit was not embraced in the settlement. For though a complete discharge, on good consideration, is conclusive; yet the mere acknowledgment or declaration of the party respecting a fact, is not conclusive; it is proper evidence, liable to be rebutted, or explained, like any other testimony.

I am of opinion that there is no error in the judgment complained of.

In this opinion TRUMBULL, EDMOND, BRAINARD and GODDARD, Js. severally concurred.

SMITH, J. We are presented with two questions in this case: first, Is this a release of all demands against *Tryon* so

as to bar a suit on this note, were it given by him solely ? If so, then secondly, Does a general release to one joint obligor bar an action on a joint obligation ?

As to the first question, it would seem to me, that no person could read over the writing in question, without seeing in it a release of all demands. It begins by mentioning the mortgage, and then the note on which it is predicated. Had the note been first mentioned, and then the mortgage, the meaning would be the same ; and by the terms " *which, when paid,*" the debt is intended, which is secured both by note and mortgage. Nothing to my mind is more obvious than that the parties must have made a full settlement of all their concerns, and that the note and mortgage were given to secure the balance that was due.

But it has been argued, that the general words " *in full of all demands,*" must be construed to mean nothing but the note and mortgage ; and the rule is relied on, that general words in a release may be restrained to the particular subject matter, which the parties appear to have had solely in view. That the thing received, however, as the consideration of a general release, should be construed to restrain the general words, is, I believe, quite novel ; and in the release itself, no particular debt is mentioned, and nothing but a general release of all demands is to be found. The debt secured by the note and mortgage, mentioned in the release, is the only one not released by it ; for *that,* by the express terms of the release, is to be paid.

It appears to me, therefore, that this is a release to *Edward Tryon,* one of the defendants, of all demands. Will then such a release to one of two joint obligors bar an action against them both ? If it is a bar to a demand against *Edward Tryon,* it must, of course, be a bar to a demand against both ; because judgment cannot be rendered against one, without including the other also.

BALDWIN, J. was of the same opinion.

GOULD, J. In my opinion, the judgment is erroneous.— The exception, taken to the manner, in which the release is pleaded, was not much urged at the bar ; and I believe, not ultimately relied upon. But whether it was, or not, it is, in my judgment, not well founded. For, if the alleged repug-

nancy actually exists, it is wholly immaterial; and the words, "then and there," may be treated as surplusage : the plea being good without them. But there is really no repugnancy in the plea, either substantial, or formal. The note, recited in the release, may have been dated on one day, and delivered on another ; and the fact is plainly averred to have been so, if the allegation in the plea is taken, as it must be, in connexion with the recital.

The only question, then, is, what is the true construction, and legal effect, of the instrument, pleaded in bar of the original action ? Upon this point, there can be no doubt, that a general release of *all demands*, made to one of two joint, or joint and several, debtors, is a complete discharge to both. *Litt. s.* 376. *Co. Litt.* 232. *a. Hob.* 10. *Salk.* 574. Nor is there any ground for saying, that the release, to have this effect, must refer, in terms, to the specific debt, or demand, in question. The rule of law requires no such reference.

But it is contended, that the general words, "in full of all demands," are restrained, in the present case, by the previous particular recital. There are cases, in which such general words of release are thus restrained ; but none, in which they are virtually erased, by being, as they are in the judgment before us, absolutely rejected. In all those cases, there is a particular duty, or demand, recited, upon which the subsequent general words are left to operate, and in discharging which they have their full and proper effect, according to the apparent intention of the parties. Such was the case of *Knight & al.* v. *Cole & ux.* 3 *Lev.* 273. S. C. 3 *Mod.* 277. S. C. *Carth.* 119. ; and such, without exception, has been every other case, in which general words of release have been restrained by a previous recital. In every instance of the kind, to be found in the books, it has been an acknowledged rule, that the release must be so expounded, as to give *some* effect to the general words. The single anomalous determination, cited by *Tanfield,* 2 *Rol. Abr.* 409., I lay out of the question ; as the existence, as well as the authority of it, has been questioned,(1 *Show.* 155. *Bac. Abr.* Release, K.) ; and as the case of *Brace* v. *Catlin,* 1 *Day's Ca.* 275. determined in this Court, is directly opposed to it. Even in that determination, however, (if it was ever made) the same rule of construction was, according to *Tanfield's* statement, fully recognized, though evidently misapplied. But in the pres-

*New-Haven,*
November,
1816.

Tryon
*v.*
Hart.

*New-Haven,*
November,
1816.

ent case, there is nothing previously recited, upon which the general words can possibly operate. To restrain them, then, to the subject of the recital, would be, in effect, to strike them out of the instrument. For, as they, confessedly, do not discharge the note, or mortgage, previously mentioned—which, by the way, are the *only* subjects recited, and are manifestly introduced merely as the consideration of the instrument, it follows, demonstrably, that unless they discharge demands not recited, they can have no effect whatever. To say, that by the words, " which, *when paid,* is in full of all demands," nothing more is meant, than that when the note, before referred to, is paid in full, such payment shall be in full of the *note itself,* would be but little short of serious trifling. It seems impossible, then, to restrain the general words, unless the object of construction is to defeat, instead of effecting, the intention of parties, and to destroy instruments, instead of expounding them.

HOSMER, J. gave no opinion, having been of counsel in the cause.

Judgment affirmed.