[No. 4693.]

### TRUE v. THE ROCKY FORD CANAL, RESERVOIR AND LAND COMPANY.

1. **Contracts—Constructions—Intention of Parties.**

In construing a contract, the object to be attained is to give effect to the intention of the parties; and in making this inquiry it is proper to examine into the state of things existing at the time, to inquire into the circumstances under which the contract was made, and to take into consideration the subject matter and the situation of the parties at the time of its execution.—P. 46.

2. **Water Rights—Contract—Construction.**

Plaintiff granted a right of way for an irrigating canal over his land under a contract with defendant company, providing that he should have the use of water from the canal in an amount equivalent to twenty shares of the capital stock of the company. At the time such contract was made, the shares of

stock carried the right to the use of 3.6 cubic feet of water, subject to the duty to prorate among the stockholders in the event of a shortage of water. About ten years later the company purchased certain priorities, to which it had no title or claim at the time the above contract was made. Held, that plaintiff was not entitled to an absolute preferential right to the use of 3.6 cubic feet of water, but that, in a case of shortage, it was his duty to prorate with other stockholders, and in doing so he had no right to share in the priorities acquired after the contract was made.—P. 47.

*Error to the District Court of Pueblo County.*
*Hon. N. Walter Dixon, Judge.*

Action by A. E. True against the Rocky Ford Canal, Reservoir and Land Company. From a judgment for defendant, plaintiff brings error.

*Affirmed.*

Mr. ALFRED W. ARRINGTON, for plaintiff in error.

Messrs. DEVINE & DUBBS, for defendant in error.

Mr. JUSTICE GUNTER delivered the opinion of the court:

A general demurrer to the amended complaint was sustained, and, as the plaintiff stood upon his complaint, the action was dismissed. The question here is, whether the following facts, which constitute the material allegations of the complaint, present a cause of action.

In December, 1889, the defendant was incorporated for the purpose of constructing, owning and operating an irrigating canal. In May, 1890, in order to secure a right of way for this canal over lands of the plaintiff, a written contract was entered into whereby plaintiff gave the right of way and defendant agreed to construct a canal of sufficient size and capacity to deliver water to its stockholders, and "that the said Alvin E. True (plaintiff) shall have for the irrigation of the above described lands,

exclusively, the right to the use of water from the said ditch in amount equivalent to twenty shares of the capital stock of said company. That the same shall be free and exempt from any and all charges and assessments of any kind or nature, and it is expressly agreed and understood by the parties hereto that, in consideration of the grant of right of way as herein provided, through and over the lands herein described, that the said right to the use of water be exclusively for said lands and in amount equivalent to twenty shares of the capital stock, and in no way to be transferred to use upon any other lands.''

At the time of the making of this agreement, each share of stock carried the right to the use of .18 cubic feet of water, and twenty shares the right to the use of 3.6 cubic feet, subject to the duty to pro-rate among shareholders in the event of a shortage in the water carried by the canal. The canal was constructed and water was distributed among its shareholders, and to this plaintiff, for a number of years.

In July, 1899, the defendant purchased 46 cubic feet of water from The Ballow Hill Ditch Company; 16 cubic feet of this purchase being a priority of July, 1869, and 30 feet thereof a priority of June, 1885. This was turned into the canal of defendant and distributed among its shareholders and others. For a time plaintiff was permitted to share in this water, but, since the spring of 1901, defendant has refused to distribute any part of this water—the Ballow Hill water—to plaintiff, and since the same date, plaintiff has not received 3.6 cubic feet of water.

Plaintiff was not consulted as to the purchase of the Ballow Hill water, nor has he, in any manner, participated in or contributed to its purchase. This action is to compel the defendant to deliver to plain-

tiff at all times 3.6 cubic feet of water, regardless of the amount of the water in the .canal, and the needs of other stockholders, plaintiff claiming an absolute preferential right to the use of that amount of water at all times, and in the event this claim is denied, plaintiff asks that the contract be construed, and it be held that he is entitled to pro-rate with the share-holders of defendant in the Ballow Hill water.

Whatever the rights of the parties here may be, they are determined by the above contract. If the plaintiff has an absolute preferential right to 3.6 cubic feet of water, it is given by this contract. If he has the right to participate in the Ballow Hill water, it is given him by this contract.

Plaintiff's contention is, that he is entitled to receive from the canal, for irrigating purposes, when needed, 3.6 cubic feet of water when the same is in the canal; that this is an absolute preferential right over all shareholders of defendant, and he further contends that, if the contract be not so construed and that, if it be held that he is required to pro-rate with the shareholders of defendant, then that a decree be entered entitling him to pro-rate in the Ballow Hill water.

The object to be attained in the construction of a contract is to ascertain and give effect to the intention of the parties.—*St. L. & D. L. & M. Co. v. Tierney,* 5 Colo. 582, 584.; *Wolff v. Helbig,* 21 Colo. 490.

In making this inquiry, we have a right to examine into the state of things existing at the time, and the circumstances under which the contract was made.—*Canal Company v. Hill,* 15 Wallace 94, 101.

"The contract was made in reference to the state of things existing at the time it was made."—*Ib.*

As a guide to a correct interpretation, the law permits the subject-matter of a contract, the situation of the parties at the time of its execution, and all

surrounding facts and circumstances, to be taken into consideration.—*St. L. & D. L. & M. Co. v. Tierney, supra.*

The defendant was constructing a canal for the purpose of supplying water for irrigating purposes to its stockholders and other consumers. The canal would take a priority through its construction and the application of water by the shareholders of defendant. The only priority for the canal, so far as the complaint suggests or there is reason to believe was contemplated by the parties at the time of entering into the contract, was that to be acquired through its construction. Such was the only priority for the canal then reasonably within the contemplation of the parties. It certainly then was not within the contemplation of the parties that nine years later the defendant, at its own expense or with the aid of plaintiff, would purchase the Ballow Hill priorities, the one twenty years earlier, and the other four years earlier, than the priority of the canal under construction, and make such purchase priorities of its canal. The priority of the canal under construction was, with reasonable certainty, known, its capacity was known, also the right to use of water which each share of stock carried. In view of these facts, the contract was made by the parties, and in the light of them it must be interpreted. Plaintiff knew that he would be giving defendant a right of way for its canal through his land; he must have considered what he would receive in return; he must have determined the sufficiency of the consideration he would require for this right of way in the light of the facts as they then existed. When he made his contract, he must have been satisfied with the consideration named therein in the light of the then facts. The same is true of the defendant; it must have determined on what it was willing to give for

the right of way, in view of the facts as they then existed. Unless the parties based their contract on facts as they then were, and intended that it should be interpreted according to such facts, the plaintiff did not know what he was receiving, nor the defendant what it was giving. We think the defendant intended to give, and that the plaintiff intended to receive, the right to the use of water from said ditch in amount equivalent to 20 shares of the stock of said company according to their then value in the right to use of water, the same to be free and exempt from any and all charges and assessments of any kind and nature. The right to the use of water from said ditch in amount equivalent to 20 shares of the stock of said company was the right to use the same amount of water that 20 shares of stock then commanded. Twenty shares of stock did not carry with it the right to any invariable quantity of water; it carried only the right to 3.6 cubic feet of water in the then priority, provided the *pro-rata* share of water going to 20 shares amounted to 3.6 cubic feet. In case of a shortage of water, the by-laws of defendant required its shareholders to pro rate the water in the canal and, in such event, 20 shares of stock would not entitle the holder to any larger amount than a *pro-rata* share of the water in the canal. It follows that he was not entitled to an absolute preferential right to 3.6 cubic feet of water in the canal, and his interest or right to the use of water was measured by the water value or water measure of 20 shares of stock as they stood at the time of the contract; it was not measured by such value after the purchase of the Ballow Hill priorities. It was not within the contemplation of the parties at the time of making the contract that the value of 20 shares should be increased or diminished. Unless the standard adopted at the time the contract was entered into

was the then value in water of 20 shares, of stock, then, should the stock at any time in the future be reduced in value by the action of the company, the plaintiff would suffer; he would be receiving less than that which he contracted for, less than he expected to receive, and the defendant expected to give. On the other hand, if plaintiff was entitled to receive more than the then value of 20 shares of stock measured in water, he would be receiving more than he expected to secure or than defendant expected to give, and more than defendant was required to give. If plaintiff was entitled to receive an absolute preferential right to 3.6 cubic feet of water, then it is clear that he would be entitled not to a right to use the same amount of water as 20 shares of stock, but be entitled to receive more water than 20 shares of stock, which is not the meaning of the contract. Any question of an over-sale in the capacity of the canal is not involved in this action. We think the judgment below was right.

Judgment affirmed.                          *Affirmed.*

The CHIEF JUSTICE and Mr. JUSTICE MAXWELL concurring.