[No. 6012.]

### ORMAN v. POTTER.

1. **Pleadings—Joinder of Causes of Action**—Several demands for money received for plaintiff's use may be united in one complaint.—(55)

2. **Money Had and Received**—Defendant receives for safe keeping money of the plaintiff, by check payable to a firm of which plaintiff is a member. He is liable solely, notwithstanding the tenor of the check.—(56)

3. **Instructions Upon Irrelevant Evidence**, properly refused.—(57)

*Appeal from Pueblo County Court*—Hon. FRANK G. MIRICK, Judge.

Mr. O. B. ADAMS, for appellant.

Mr. JOSEPH DYE, for appellee.

. Mr. Justice Musser delivered the opinion of the court:

Fred Potter brought suit against Fred Orman in a justice court of Pueblo county. An appeal was taken to the county court where, upon a verdict of a jury, judgment was entered against the defendant for $121.47, from which judgment the parties are here.

In the fall of 1903 defendant, who was a member of the firm of F. B. Orman & Co., went to Mexico, taking with him a grading outfit for the purpose of doing work in the construction of a railroad. The plaintiff was to work for the firm, and there were with the outfit a team, wagon and harness belonging to him. Before going to Mexico, the plaintiff gave the defendant a check for $175.00, payable to F. B. Orman & Co., and the defendant was to take care of the money for the plaintiff until after they had reached Mexico. Plaintiff also claims that, while in Denver, before going to Mexico, he loaned the defendant $5.00, and while in Mexico he gave the defendant a watch to be left for repairs, and $4.62 to pay for the repairs. Defendant denies that he borrowed the $5.00; admits that he received $175.00, but that he gave $120.00 of it to a brother-in-law of plaintiff, with plaintiff's consent; admits that he received $4.62 with the watch, and states that, as he was coming back to Pueblo, he turned the money and watch over to another party to be taken care of. Plaintiff claims he had to pay for repairing the watch. Defendant also claims that he paid the freight on plaintiff's outfit from Mexico to Pueblo, and also paid for the keep of plaintiff's horses for three or four weeks.

Defendant says that plaintiff united in his demand an action in tort with an action on contract. This is not tenable, for the several demands are for money received by the defendant upon contracts to .

repay the same, either express or implied from the circumstances.

Defendant also says that, because the check given him was payable to F. B. Orman & Co., the debt created was a joint debt of the firm, and not a several one. However this may be, in this case Mr. Orman admits that he got the money on the check and kept it himself, as he had a right to do.

While there are several minor errors assigned by defendant, there is really only one that merits much attention. The defendant put in evidence the following receipt, signed by plaintiff, and given after all of the transactions testified to by the plaintiff had taken place:

"$5.05.          Denver, Colorado, Oct. 5, '03.
          "Signed Cos., Mexico, Feb. 8, '04.

"Received from Fred B. Orman five 05-100 dollars for all team hire and all other work done under the company of F. B. Orman & Co. or Fred B. Orman, for which I release Fred B. Orman from all and any other claims whatsoever.

"FRED POTTER."

The defendant contends that this is a release of all the claims and demands which plaintiff seeks to recover in this action, and that it is a complete defense. It must be admitted that a release given under proper circumstances and for a proper consideration is a good defense to the demand which may be released. Accepting the view of defendant that this is a release, the question is, what does it release? If it releases the demands sued for, this judgment is wrong. To ascertain what demands are released by this instrument, it is necessary to know what the parties intended. If it were necessary in this case, recourse might be had to the rule of construction that the general words at the end of the release, in the light of all the attendant circum-

stances, are to be qualified by the particular recital relative "to team hire and other work done."—*Tryon v. Hart*, 2 Conn. 120; *Jackson v. Stackhouse*, 1 Cow. 122; *Todd v. Mitchell*, 168 Ill. 199; 8 Bac. Abr. 247, Title, Release.

We are, however, relieved from a discussion of the applicability of this rule to the present case, for the parties themselves are in accord as to what they meant by this release. That the plaintiff intended that this release should embrace only claims arising out of "team hire and all other work done under the company of F. B. Orman & Co., or Fred B. Orman," is shown by the fact that the plaintiff brought this suit, and that the defendant so understood it is shown by his evidence on cross-examination, wherein he says:

"That when this was signed nothing was said about the freight, and nothing about the $4.62, or about the $5.00, or about the $175.00. That the receipt simply meant the settlement between me and Potter in reference to the horse hire and such matters in Denver. That at this time I did not know how much the freight would amount to."

The parties themselves are in accord in construing this release as not covering the demands sued for in this action, and this court cannot put upon it a construction different from that put upon it by the parties themselves. As the release did not include the demands sued for, it was irrelevant and inadmissible as a matter of fact, and, therefore, the assignments of error based upon the refusal of the court to give instructions relating to the receipt and for special findings with reference to it, were properly refused. As there was sufficient evidence to support the verdict, the judgment will be affirmed.

*Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CAMPBELL concur.