Presiding Judge Scott
delivered the opinion of the court.
The complaint of the plaintiff in this case, filed in the district court of La Plata county on the 6th day of January, 1908, alleged in substance that their grantor, William Enabling, was on the 12th day of March, 1900, and prior thereto, the owner in fee of a tract of land situated in sec. 36, twp. 37 n., r. 9 w., together with a water right of four cubic feet of water belonging thereto, and a ditch and right-of-way for said ditch to convey said water from the Animas river, from which said water was taken, to and on the said lands for irrigation and domestic purposes. That *478 the defendant, the Animas Consolidated Ditch Company at that time, desiring to construct its ditch across said lands, and for the purpose of securing right-of-way for their ditch over the lands of Embling, entered into a written contract with him for such purpose. In this contract it was agreed that Embling should make, execute and deliver to the defendant a quit claim deed to the right-of-way for defendant’s ditch along the line of Enabling’s ditch then existing, and twelve and one-half feet on each side of the center thereof.
It was further agreed that the defendant, company, should construct and enlarge the said ditch, and maintain and operate the same and keep it in repair at its own expense, in such manner that at all times during the irrigation season, that at least four cubic feet of water will run through the same upon the lands of Embling. That part of the agreement in dispute in this case is as follows:
“And the party of the second part agrees that it will during all such time deliver to the party of the first part, upon the land above described, four cubic feet of water per second of time, which said water shall be delivered at such places upon said land as the party of the first part shall designate in writing before the completion of said ditch, not exceeding-eleven places, said delivery to be made from boxes to be constructed, operated and maintained by the party of the second part, of such capacity as the party of the first part may designate, provided the total capacity of all said boxes shall not exceed four cubic feet of water per second of time, provided further, that said party of the first part shall have the right *479 at all times to open and close the said boxes as he may desire. ’ ’
■ The complaint further alleged that it was the intention at the time to secure to the said Embling the convenient and efficient use of four cubic feet of water for irrigation purposes; and that the lands aré so situated that it is impossible to successfully or conveniently irrigate the lands of the plaintiff except by the úse of the number of boxes named in the agreement, and that the use of the proviso therein contained, that “the total capacity of all of said boxes shall not exceed four cubic feet of water per second of time,” if construed as defendant contends, was a mistake and was intended to mean that no more than four cubic feet of water should be used at any one time.
The complaint further, alleged that the company enlarged said ditch as agreed, and upon its own initiative placed ten boxes on the lands of the plaintiff’s; and at the points suggested by the said Embling, and that the same have been operated since 1902, and for six consecutive irrigation seasons; that the defendant company on or about the 1st day of June, 1907, forcibly caused eight of the said boxes to be closed down, so that plaintiffs were unable to use the same, and. by reason of which action their crops were destroyed in the year 1907, to their damage in the sum of $500.00.
It was further alleged that if defendants continue to keep the boxes so closed plaintiff will suffer irreparable damage. The prayer of the complaint was •for actual damage and for injunctive relief.
The answer of the defendant is an admission of the allegations as to the contract, and as to the action *480 of tlie defendant in closing down the eight boxes referred to. The answer further alleged the right to do this under the terms of the agreement, and denied damage.
The findings of the court appear to be fully justified by the evidence. These findings were in substance as follows:
That the plaintiffs are the owners and occupants of the land in question; that irrigation is essential to cultivation and successful raising of crops on the land; that the plaintiffs are the owners of four cubic feet of water per second of time, which has been applied to domestic and irrigation purposes, on said lands, for many years past; that plaintiffs planted said lands to crops for the year 1906, as well as for many years last passed; that defendant is a corporation and owner of the ditch known as the Animas Consolidated ditch which takes its waters from the Animas river from a point on said river above the lands of the plaintiffs.
The court further found as a matter of law that by virtue of a contract made and entered into by and between 'the defendant and one William Enabling, from whom plaintiffs derived their title and rights to said lands and waters for irrigation and domestic purpose, the defendant is bound to cari’y for plaintiffs, four cubic feet of water per second of time through its said ditch from the said Animas river to and upon the lands of the plaintiffs. The same to be delivered upon said lands, at such places upon the same, as the said William Enabling should designate not exceeding eleven places. That said water shall be delivered as aforesaid from boxes as constructed, operated and maintained by the defendant, of such *481 capacity as should be designated by the said Enabling ; and that the said Enabling shall have the right to continue to open and close said boxes as he may desire.
The court further found that at or about the time of the completion of the defendant’s ditch, and at the request of the said Embling, defendant placed ten boxes in its said ditch, through which the said Embling and his successors in right have, from year to year, received and applied said four cubic feet of water per second of time to domestic and irrigation purposes on said lands. That the plaintiffs have a right to the use of any amount of water not exceeding four cubic feet per second of time, at any and all times during the irrigation season, through any one or more of said boxes as he may desire, provided that the total amount so used by him through any one or more or all of said ten boxes, at any time shall no! exceed the total amount of four cubic feet per second of time.
It was further found by the court that it is the duty of .this defendant to keep and maintain the said ten boxes as at present located along the line of said ditch, and to deliver on the lands of said plaintiffs through the said boxes the said four cubic feet of water, or any part thereof as plaintiffs'may desire at any or all times, without let or hinderance, and for that purpose to allow the plaintiffs to open and close the boxes, or either of them, as they may choose.
It was further found that heretofore and during the irrigation season of 1906 (and this seems to be a clerical error because the complaint and the testimony shows this to have occurred in 1907), the defendant wrongfully closed or caused to be closed a *482 number of boxes and refused to allow the plaintiff to open them or to use water through them, to plaintiff’s great and irreparable damage and injury.
The court further found that by reason of this act that plaintiffs suffered damage to their crops in the sum of $100.00. The defendant was forever enjoined from interferring with or preventing plaintiffs from opening or closing the ten boxes heretofore used by them for receiving and applying four feet of water per second of time to domestic and irrigation purposes on their lands as they may choose, whether they open or close one or more, or all of said boxes at the same time.
The defendant was further enjoined from nailing up said boxes, or in any manner interferring with their use by the plaintiffs. The court also enjoined the plaintiffs from using more than four cubic feet of water at any one time. It is from this judgment and order that the defendant appeals.
Substantially all of the contention of the appellant is based on the proviso in the agreement, “provided the total capacity of all of said boxes shall not exceed four cubic feet of water per second of time, ’ ’ and it is argued that while the plaintiffs may under the agreement have ten boxes, yet the total measuring capacity of all these shall not exceed four cubic feet, as water is measured, and that therefore the court by its judgment has made a new contract for the parties.
The contract should be construed as a whole and in the light of well known physical facts concerning the matters affected by the agreement. The intention of the parties should govern. Fearnley v. Fearnley, 44 Colo., 422; C. B. & Q. Ry. Co. v. Provolt, *483 42 Colo., 103; Tillett v. Mann, 104 Fed., 142; San Miguel G. M. Co. v. Stubbs et al., 39 Colo., 365; True v. Rocky Ford Canal and Land Co., 36 Colo., 43.
Embling at the time of the agreement owned a ditch and the right to the nse of four cubic feet of water per second of time, and was in the actual use of this water for the purpose of irrigation through his own ditch, on the very lands now owned and irrigated through the ditch of defendant.
It is clear from the whole agreement that Embling did not intend to release or relinquish to the defendant any right or privilege he then enjoyed. These were to be preserved to him by the defendant, who in consideration was to secure the right of way alone, to carry its waters through an enlarged ditch over Embling’s lands.
The testimony shows that by reason of the unevenness of the land it is necessary to have the number of boxes which had been used for years, under the agreement, in order to properly and efficiently irrigate his lands.
It is true that defendant’s engineer testifies that this water could otherwise be used by constructing another ditch below and parallel with defendant’s ditch, involving the use of flumes over the uneven land, but the plaintiffs were under no obligation to do this. The evident purpose and declaration of the agreement was that the water was to be used directly from defendant’s ditch, and to accomplish this the large number of boxes to be used wq.s agreed on.
It is further made clear by the evidence that the boxes must be of sufficient size to give head so as to permit the water to pass through in order to perform the service intended. And also that to use ten boxes *484 so small that the total carrying capacity would be four cubic feet per second of time was not, and could not be sufficient to make proper use of the water in the irrigation of plaintiffs’ lands.
It is common knowledge that force and volume are essential for the purpose of proper delivery of water in such case. It was clearly not contemplated and is not in evidence that plaintiffs used all of these boxes at any one time.
It is not reasonable to believe that either party to the agreement intended that in order to secure the delivery of the four feet.of water, Embling should use ten boxes at the same time, and that these should be all running at the limit of capacity.
That the right to use such of the boxes and at such times as the plaintiffs may require for the sufficient irrigation of their lands, limited to the four cubic feet, seems beyond question for it is so expressed in the contract, wherein it is said: “Provided, further, that said party of the first part shall have the right at all. times to open and close the said boxes as he may desire. ’ ’
It is apparent from the testimony, that for the court to construe the contract as contended by appellant, would be to deny the plaintiffs the very rights possessed before the contract and guaranteed under it, that is to say the proper and efficient use of four cubic feet of water for the irrigation of his lands.
The defendant was and is in the business of supplying water for irrigation. It must be presumed to have known all these physical facts at the time, and contracted accordingly. But it is apparent that the defendant did not at the time construe the contract as it now contends, for it constructed the ten boxes *485 that were afterward and now used by plaintiffs, and placed them, under its own construction of the agreement, and at the places indicated by plaintiffs ’ grant- or and continued to so maintain them for six consecutive years thereafter.
The best indication of the true intent of the parties to a contract is the practical interpretation given by the parties while engaged in their performance of it and before any controversy had arisen, and the object of the parties at the time should be taken into consideration. Manhattan L. Ins. Co. v. Wright, 126 Fed., 82; Orman v. Potter, 46 Colo., 57; Jennie v. Brotherhood, 44 Colo., 77.
But the judgment of the court in so far as it limits the plaintiffs to the use of four cubic feet of water at any one time, was not sufficiently specific as to meet a fair construction of the agreement, which under all the circumstances may reasonably be said to have intended that the total.eapacity of the boxes used at any one time, shall not exceed four cubic feet of water per second of time. It would not seem to be a fair interpretation of the agreement upon its face, nor under the action of the defendant, to say that plaintiffs were to be permitted to use all of the ten boxes so placed and having a total capacity of much more than four cubic feet of water at' any one time. Neither can it be fairly said that it was intended to limit the plaintiffs to a fewer number of boxes than stipulated in the agreement, and after-wards placed by the defendant, for the convenient and efficient use of the water to which plaintiffs were entitled for the irrigation of their lands.
The order of the court should have confined the plaintiffs to the use of four cubic feet of water, the *486 amount originally owned by their grantor and reserved in tbe agreement, and should have nlso restricted plaintiffs to tbe use of this water in sucli manner that they will not be permitted to use a greater number of boxes, of whatever capacity at any one time, the total capacity of which boxes so in use, shall not exceed four cubic feet of water per second of time.,
With such modification of the order of the court, the judgment is affirmed.
All the judges concurring.